[No. 17351.    Department Two.    September 28, 1922.]

## THE STATE OF WASHINGTON, *Respondent*, v. HENRY J. MILES *et al., Appellants.*[1]

PROSTITUTION (3)—ACCEPTING EARNINGS OF PROSTITUTE—EVIDENCE —SUFFICIENCY. A conviction of accepting the earnings of a pros·titute is sustained where it appears that they are given to one of the defendants who paid therefrom the living expenses of the prostitute and of his co-defendant, who received the benefit thereof although the money did not pass into his hands.

SAME (5)—PUNISHMENT—EXCESSIVE SENTENCE. It is not an abuse of discretion to sentence for not less than four and one-half or more than five years, for accepting the earnings of a prostitute, under Rem. Comp. Stat., § 2440, fixing a penalty of not more than five years or a fine of not more than $2,000 (MACKINTOSH and HOVEY, JJ., dissenting).

SAME (1)—STATUTORY PROVISIONS. Rem. Comp. Stat., § 2440, making it unlawful to accept the earnings of a prostitute is constitutional.

[1]Reported in 209 Pac. 518.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered September 24, 1921, upon a trial and conviction of accepting the earnings of a prostitute. Affirmed.

*Barrows & Hanna,* for appellants.

*Sam R. Sumner* and *Frank Lebeck,* for respondent.

MAIN, J.—The defendants in this case were charged with the crime of accepting the earnings of a common prostitute. The trial resulted in a verdict of guilty. At the conclusion of the state's evidence, a motion was made on behalf of the defendant Robert Owen, informed against as Frank Milton, that a verdict in his favor be directed. This motion was denied. The trial resulted in a verdict of guilty of both defendants, and after a motion in arrest of judgment and one for a new trial had been overruled, they appeal.

The facts, as disclosed by the state's testimony, may be summarized as follows: The prosecuting witness was a common prostitute. On the evening of the first of June, she, with the defendants, took the train at Sultan, Washington, for Wenatchee, where she arrived early the next morning. The appellant Miles, informed against as Jimmy Dale, had known the prosecuting witness for two or three weeks prior to this time. Owen had only met her a day or two previously. At the time they left Sultan, the complaining witness had no money, except a little small change. Miles had no money and Owen had approximately $15, all of which, with the exception of $4 or $5, was used in buying tickets for the transportation to Wenatchee. When they arrived at the latter place, they went to a hotel, Owen and the prosecuting witness registering as husband and wife, and Miles taking a separate room. For

four or five days thereafter the prosecuting witness practiced prostitution in the hotel where she was located and earned thereby the sum of $60 or $70. After being at the hotel for four or five days, she left for Cashmere with a man other than either of the appellants. The following morning the latter followed her to Cashmere and importuned her to return to them, which she declined to do. Needless to say, the appellants contradict the state's evidence at all material points.

The first question is whether the evidence is sufficient, if believed by the jury, to show that Owen was guilty of accepting the earnings of a common prostitute. The complaining witness testified she came to Wenatchee at the suggestion of Owen, because he stated that she could make good money there by practicing prostitution. As already stated, he purchased her ticket. When they arrived in Wenatchee, the only money that the three of them had was $4 or $5. During the time they remained there, or a portion of the time at least, they ate at the same restaurant and at the same table, and the money which paid for the meals was earned by the complaining witness in the practice of prostitution. The money was handed to Miles and he paid the bills. This was done in the presence of, and with the knowledge and consent of, Owen, and the latter received a direct benefit therefrom. In addition to this, the laundry bills of the appellants, as well as room rent, were paid by money earned by her. The complaining witness at the time had a small child, and the morning following the arrival of the parties in Wenatchee, the appellants sought out and found a home in which the child could be placed in order that she would not be burdened by taking care of it. While in Wenatchee, neither of the appellants sought employ-

ment in any gainful occupation. It is argued that, since the money which went for the benefit of both the appellants did not pass into the hands of Owen, the evidence is not sufficient to sustain a conviction as to him. It would be hyper-technical to hold that the mere fact that the money as such did not pass into the hands of Owen, even though it was paid out in his presence, with his knowledge and for his benefit, would not sustain a conviction. This would be dignifying form at the expense of substance. The evidence is sufficient, if believed by the jury, to sustain a conviction as to both appellants.

It is further argued that the sentence imposed is so excessive as to show an abuse of discretion. Rem. Compiled Statutes, § 2440, upon which the information was based, provides, among other things, that every person who shall "accept any earnings of a common prostitute, . . . shall be punished by imprisonment in the state penitentiary for not more than five years or by a fine of not more than two thousand dollars." Each of the appellants was sentenced to serve a term in the state penitentiary at Walla Walla of not less than four and one-half years and not more than five years. The sentence imposed was within the limit prescribed by the statute. It being within that limit, in the absence of any showing to the contrary, it cannot be presumed, simply upon the mere contention of the guilty one, that the trial judge abused his discretion in fixing the penalty. *State v. Kenney,* 83 Wash. 441, 145 Pac. 450; *State v. Schluter,* 109 Wash. 78, 186 Pac. 267.

Upon oral argument in this court there was presented for the first time a constitutional question. It was argued that § 2440, Rem. Compiled Statutes, is unconstitutional. In the case of *State v. Craig,* 106 Wash. 630, 180 Pac. 896, the same contention was made

and the constitutionality of the statute was sustained. The judgment will be affirmed.

PARKER, C. J., and HOLCOMB, J., concur.

MACKINTOSH, J. (dissenting)—I think the conviction should be sustained, but the sentence is excessive.

HOVEY, J., concurs with MACKINTOSH, J.