[Criminal No. 922. Filed November 30, 1942.]

[131 Pac. (2d) 411.]

## STATE OF ARIZONA, Appellee, v. AL GREEN, Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General; Mr. Richard H. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Appellee.

Messrs. Lewkowitz & Wein, for Appellant.

LOCKWOOD, C. J.—Al Green, defendant, was informed against by the county attorney of Maricopa County for violation of section 43–4404, Arizona Code 1939, which reads as follows:

*"Receiving earnings of prostitute.*—Any person who knowingly receives any money or valuable thing from the earnings of any female engaged in prostitution, shall be guilty of a felony and imprisoned for a term not exceeding ten (10) years and fined not less than five hundred dollars ($500)."

The case was tried to a jury and a verdict of guilty was rendered, whereupon defendant was sentenced to serve a term in the penitentiary, and this appeal was taken.

The first and most important question before us is as to the constitutionality of the statute above quoted. It is contended by defendant that under its terms any person who knowingly receives the earnings of a prostitute, even for the most legitimate purposes, such as food, clothing, lodging or medical attendance, is guilty of a felony, and that such a law would violate both the state and federal Constitutions. Counsel for defendant has cited many cases from states wherein analogous statutes contain the words "without lawful considera-

tion,'' or their equivalent, and it is universally held in such states that it is no violation of the statute if the money received was for a lawful purpose, such as those above set forth, and in many cases that the information must contain words negativing the exception. *State* v. *Lund,* 75 Utah 559, 286 Pac. 960; *People* v. *Hassil,* 341 Ill. 286, 173 N. E. 355, 74 A. L. R. 307. But none of the cases cited discuss the constitutionality of a statute which omits these words.

So far as we are aware, the state of Washington is the only one where a statute which makes no such exception on its face has been attacked for lack of constitutionality, and in that state it has been upheld as against such an attack. *State* v. *Miles,* 121 Wash. 318, 209 Pac. 518. But in the Miles case and in the many other Washington cases which uphold the statute it does not appear whether the particular point in question here was raised or not.

■■ It is very generally held that when the legislature desires to prohibit a thing which it has determined is, in its nature, unlawful, it may go to great lengths in prohibiting other acts which are, in themselves, lawful and proper, *if the prohibition of the latter reasonably has an effect in suppressing the admitted evil.* As was said by the Supreme Court of the United States, in *Purity Extract Co.* v. *Lynch,* 226 U. S. 192, 33 Sup. Ct. 44, 46, 57 L. Ed. 184:

" . . . It is also well established that, when a state exerting its recognized authority, undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective. It does not follow that because a transaction, separately considered, is innocuous it may not be included in a prohibition the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the government. [Citing cases] With the wisdom of

the exercise of that judgment the court has no concern; and unless it clearly appears that the enactment has no substantial relation to a proper purpose, it cannot be said that the limit of legislative power has been transcended. To hold otherwise would be to substitute judicial opinion of expediency for the will of the legislature,—a notion foreign to our constitutional system. . . . ''

See, also, *Booth* v. *Illinois,* 184 U. S. 425, 22 Sup. Ct. 425, 46 L. Ed. 623; *People* v. *Fegelli,* 163 App. Div. 576, 148 N. Y. Supp. 979; Id., 214 N. Y. 670, 108 N. E. 1103.

 Prostitution is admitted by all to be an evil over which the legislature has almost plenary power, and the question then is, assuming that the intent of the legislature was to prohibit absolutely anyone from knowingly receiving the earnings of a prostitute, even for a purpose legitimate in itself, whether such prohibition might reasonably be considered to assist in the suppression of prostitution. If it would, then it is in the power of the legislature to enact it. We think there can be no dispute that such a measure would assist greatly in the desired result. If a prostitute knows that no one in the state will accept any of her earnings, even for food and shelter, she is certainly much less likely to ply her trade within the state, and, indeed, if all citizens obey the law, would be compelled either to cease her profession or remove to some other locality. The federal government has adopted this type of policy in regard to counterfeit bills, for no matter how lawful the consideration, the knowing receipt with intent of using counterfeit bills, or the passing of them to others are made offenses. Title 18 U. S. C. A. § 268. In other words, the theory of the government is that the counterfeit money itself, to use the colloquial phrase is ''hot'' and will burn anyone whom it touches. If the earnings of a prostitute are placed in the same category, it is obvious that it will be far more difficult for her to carry on her profession. We

think, therefore, that the legislature has the constitutional power to adopt the statute in question, even if we interpret it in its literal sense.

The situation is very different from that in the case of *State* v. *Menderson,* 57 Ariz. 103, 111 Pac. (2d) 622, relied upon by counsel for defendant. In that case the statute did not show a definite, specific evil which the legislature desired to prohibit and *which purpose would be assisted by a prohibition of the many acts otherwise lawful which we pointed out would fall within the literal meaning of the statute.*

If defendant in the present case had, in the trial court, raised the defense that while he had received the earnings of the prostitute, they were received for a lawful consideration, it would be necessary for us to determine whether the statute should be interpreted literally, or whether we should read into it the language "without lawful consideration." But defendant merely entered a plea of not guilty and offered no evidence whatever. The undisputed testimony of the state shows conclusively that if he did receive any money from the earnings of the prostitute, it was without any lawful consideration. It is, therefore, unnecessary for us in the present case to determine what interpretation should be placed on the statute. It is sufficient to say that it is constitutional and valid under either interpretation, and that the information which followed it did state a public offense.

■■ The next question is whether the conviction was obtained solely upon the testimony of accomplices, for this cannot be done. § 44–1819, Arizona Code 1939. This turns upon the question of whether the prosecuting witness whose earnings defendant is accused of receiving was an accomplice. The trial judge held, and we think correctly, that the test of whether one is an accomplice is whether he could be informed against for the same crime of which the principal

defendant is accused. *Leon* v. *State,* 21 Ariz. 418, 189 Pac. 433; 9 A. L. R. 1393. It is obvious that the prosecuting witness could not have been tried for receiving the earnings of a prostitute from herself. We think, therefore, that she was not an accomplice within the meaning of the statute, and her evidence alone, if believed by the jury, is sufficient to sustain the conviction.

The last question is whether the court erred in permitting the state to introduce evidence tending to show that defendant was responsible for the prosecuting witness being engaged in prostitution, and also, since such evidence was admitted, was it error to refuse to permit him to introduce evidence tending to contradict that admitted on behalf of the state. Strictly speaking, we think it is error in a case of this nature to permit the introduction of evidence by the state showing just how or at whose inducement the woman whose earnings were received happened to be engaged in prostitution, unless such evidence reasonably tends to show the receipt by defendant of part of her earnings in that profession. Some of the evidence admitted was, under this rule, objectionable. And even though it were material and relevant and, therefore, properly admitted, defendant certainly should have been permitted to offer evidence rebutting it. It must be remembered that an information of this kind charges a defendant with what is usually considered one of the most disgusting crimes morally to be found in the penal code. This very fact raises in the mind of the average decent citizen a feeling, perhaps unconscious, of revulsion against the defendant. It is, therefore, peculiarly important that no improper evidence be admitted which would tend to increase that unconscious prejudice. As a matter of law, under an information of this kind it is immaterial how the prosecuting witness became engaged in prostitution, but so far as the effect upon the jury is concerned, if the defendant is

shown to be responsible, it is very different. If, in this case, the defendant had taken the stand and denied the charge, or if there were any testimony in the case tending to show that he was not guilty, the admission and rejection of the evidence referred to would not only be erroneous, but undoubtedly prejudicial. All the evidence, however, is overwhelming and conclusive that defendant was guilty of the offense charged, and there is nothing in the record contradicting it. Such being the fact, we think it is a proper case for the application of section 22 of Article 6 of the Constitution of Arizona, which reads as follows:

"(*Criminal procedure.*)—The pleadings and proceedings in criminal causes in the courts shall be as provided by law. No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.