No. 3--02--0456

______________________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, )          for the 10
th
 Judicial Circuit 

Plaintiff-Appellee, ) Peoria County, Illinois

) 

v. ) No. 01–CF–1106

) 

DONNA L. WILLIAMS, ) Honorable

Defendant-Appellant. ) Thomas G. Ebel,

) Judge, Presiding

)           

______________________________________________________________________________

JUSTICE O’BRIEN delivered the Opinion of the court:

______________________________________________________________________________

Following a bench trial, the appellant Donna L. Williams was convicted of prostitution pursuant to section 11-14 of the Illinois Criminal Code of 1961 (Criminal Code) (720 ILCS 5/ll-14 (West 2002)).  She was sentenced to four years’ imprisonment.  Williams appeals her conviction.  

We affirm the trial court.   

FACTS

On November 16, 2001, Williams was charged with the offense of prostitution.  Because of a previous conviction for prostitution, the offense was elevated to a Class 4 felony.  Williams waived her right to a jury trial and a bench trial was held.  At trial, the following evidence was presented. While working a “prostitution detail” a Peoria police officer encountered Williams walking the street.  The officer offered Williams a ride which she accepted.  Once inside the officer’s vehicle, Williams agreed to perform an act of oral copulation upon the officer in exchange for $30. Williams was arrested and charged with prostitution under section 11-14 of the Criminal Code. 720 ILCS 5/11-14 (West 2002).  She was convicted and sentenced to a term of four years’ imprisonment. Williams appeals her conviction.   

ANALYSIS

On appeal Williams does not dispute that she performed an act of prostitution as defined in the Criminal Code. Williams argues that the conduct the statute prohibits is conduct constitutionally protected under the fourteenth amendment of the United States Constitution. U.S. Const., amend XIV.  Williams contends that the activity proscribed in the statute is private consensual sexual activity between adults and is therefore protected from unwarranted governmental interference. 

As a threshold issue, the State argues that Williams has waived her argument on appeal because she failed to raise the issue at trial or in a posttrial motion.  Waiver is a limitation on the parties, not the court.  
Wausau Insurance Co. v. All Chicagoland Moving & Storage Co.,
 333 Ill. App. 3d 1116, 1126, 777 N.E.2d 1062, 1071 (2002).  We therefore consider Williams’ argument on appeal.    

Section 11-14(a) of the Criminal Code defines prostitution as follows:

“Any person who performs, offers or agrees to perform any act of sexual penetration as defined in Section 12-12 of this Code for any money, property, token, object, or article or anything of value, or any touching or fondling of the sex organs of one person by another person, for any money, property, token, object, or article or anything of value, for the purpose of sexual arousal or gratification commits an act of prostitution.”  720 ILCS 5/11-14(a) (West 2002).

Where, as in the present case, legislation does not affect a fundamental right or suspect classification, the court will review the statute under the rational basis test.   
Tully v. Edgar,
 171 Ill. 2d  297, 304, 664 N.E.2d 43, 47 (1996).   To withstand a due process challenge under rational review, the statute in question needs to bear only a rational relation to a legitimate legislative purpose and be neither arbitrary nor discriminatory. 
Tully,
 
171 Ill. 2d at 304, 64 N.E.2d at 47.   

The Illinois courts have previously applied the rational basis test to the criminal prostitution statute and upheld it as a valid attempt by the State to promote the legitimate purpose of protecting the safety, health, and welfare of the people.   In 
People v. Johnson
, 60 Ill App. 3d 183, 376  N.E.2d 381 (1978),  the defendant was convicted of prostitution because of conduct similar to that of Williams.  Johnson raised several constitutional challenges to the statute, including the assertion that the statute violated her due process right to privacy in sexual matters.  
Johnson,
 60 Ill. App. 3d at 186, 376 N.E.2d at 384.  The 
Johnson
 court found that the state legislature acted properly within the scope of its authority. 
Johnson
, 60 Ill. App. 3d at 190, 376 N.E.2d at 386.  The court in 
Johnson
  reasoned that the State’s legitimate interests in enacting the statute included “preventing venereal disease, cutting down prostitution-related crimes of violence and theft, and protecting the integrity
 and stability of family life.”  
Johnson,
 60 Ill. App. 3d at 190, 376 N.E.2d at 386.  The 
Johnson
 court concluded that the statute rationally related to a valid state interest. 
Johnson
, 60 Ill. App. 3d at 190, 376 N.E.2d at 386.  See also 
People  v. Thompson
, 85 Ill. App. 3d 964, 968, 407 N.E.2d 761, 764 (1980) (it is legitimate for the legislature to prohibit offers and agreements to perform sexual acts).

The rationale and conclusion of the 
Johnson
 court apply to the present case.  Williams agreed to perform a sexual act in exchange for money.  She does not dispute that her actions violated the prostitution statute.  As discussed above, the State of Illinois has a legitimate governmental interest in proscribing the activity defined in the statute. Because the statute is a valid attempt by the State to protect the public welfare, it does not violate Williams’ constitutional rights.  

Williams relies heavily on the recent United States Supreme Court decision in 
Lawrence v. Texas,
 539 U.S. 558, 156 L. Ed. 2d 508, 123 S. Ct. 2472 (2003).  In 
Lawrence
,  the United States Supreme Court struck as unconstitutional a Texas statute that made it a crime for two persons of the same sex to engage in a consensual act of sodomy in the privacy of their home.  
Lawrence
, 539 U.S. at ___, 156 L. Ed. 2d  at 526, 123 S. Ct. at 2484.  Included in the conduct the 
Lawrence
 Court specifically excluded from its opinion were acts of prostitution. 
539 U.S. at ___, 156 L. Ed. 2d at 525, 123 S. Ct. at 2484.

Williams’ reliance on the 
Lawrence
 decision is misplaced.  Williams characterizes her conduct as private sexual activity between two consenting adults.  As the State argues, however, Williams’ activity is more aptly described as the commercial sale of sex. The 
Lawrence
 Court specifically excluded prostitution from its analysis. 
Lawrence
, 539
 U.S. at
 ___, 156 L. Ed. 2d at 525, 123 S. Ct. at 2484  “([the present case] does not involve public conduct or prostitution.”)  Moreover, the drafters of the Illinois statute were careful to craft the language of the statute to distinguish between “the prime concern” of the legislation, the business of selling sex, and private, noncommercial acts.  720 ILCS Ann. 5/11-14, Committee Comments–1961, at 448 (Smith-Hurd 2002).

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

MCDADE, J. with SCHMIDT, J. concurring.