891 So.2d 1233 (2005)
STATE of Louisiana
v.
Tina THOMAS.
No. 2004-KA-0559.
Supreme Court of Louisiana.
January 19, 2005.
Charles C. Foti, Jr., Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Kia M. Habisreitinger, Assistant District Attorneys, for applicant.
Ferdinand J. Kleppner, for respondent.
*1234 WEIMER, Justice.
In this matter we must determine whether the decision of the United States Supreme Court in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), has rendered Louisiana's "Crime against nature" statute unconstitutional as it applies to a person who solicits another to engage in "unnatural carnal copulation for compensation." Finding that nothing in Lawrence, the United States Constitution, the Louisiana Constitution, or this state's jurisprudence supports the trial court's grant of a motion to quash on the ground that LSA-R.S. 14:89(A)(2) is unconstitutional as applied to this particular charge against this particular defendant, we reverse and remand.

FACTS AND PROCEDURAL BACKGROUND
By bill of information, the State charged Tina Thomas with soliciting an undercover officer to engage in "unnatural oral copulation for compensation" in violation of LSA-R.S. 14:89, based on events that occurred on April 10, 1995. Defendant failed to appear for several court settings, but on May 22, 2003, she appeared and pled not guilty.
On June 9, 2003, defendant filed a motion to quash, urging that the statute unconstitutionally violates the right to privacy under La. Const. art. I § 5 and that the statute violates the due process clauses of the state and federal constitutions in that it prohibits "unnatural" carnal copulation, but fails to define what constitutes unnatural carnal copulation anywhere in the law and is therefore void for vagueness. On July 1, 2003, defendant filed a supplemental memorandum in support of her motion to quash, citing Lawrence, supra.
The trial court held a hearing on the motion to quash, at which the parties argued the constitutionality of the statutory provision. After taking the matter under advisement, the trial court orally granted defendant's motion to quash.[1] Subsequently, a written judgment and reasons for judgment were issued on January 15, 2004. The trial court concluded its reasons for judgment as follows:
The Lawrence court, in discussing a homosexual's rights, stated that homosexuals are entitled to respect for their private lives. The State cannot demean their existence or control their destiny by making their private sexual conduct a crime. Their right to liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention of the government. [Citation omitted.]
The same rationale must apply to all persons in deciding their sexual activities and preferences providing the relationship involves consenting adults.
The case at bar does not involve a child or a person incapable of consent. It involves a prostitute offering to engage in oral copulation for money. Should that prostitute have offered vaginal intercourse she would have been prosecuted for prostitution, a misdemeanor, rather than a crime against nature, which is a felony. The statute is enforced in a discriminatory manner and also impedes a liberty specifically protected by the Due Process Clauses of the 5th Amendment and the 14th Amendment. The statute is, therefore, *1235 unconstitutional and the Motion to Quash the Bill of Information is granted.
The State perfected this appeal and argues that the trial court erred by granting defendant's motion to quash based on the decision and rationale of Lawrence, supra. We agree.

DISCUSSION
As previously stated, this matter is before us on appeal because the trial court, in granting the defendant's motion to quash, held LSA-R.S. 14:89 unconstitutional. See La. Const. art. V, § 5(D).[2] It is well established that statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Brenan, 99-2291, p. 3 (La.5/16/00), 772 So.2d 64, 67. These principles guide our analysis of the defendant's challenge to the constitutionality of LSA-R.S. 14:89(A)(2).
In Lawrence, the United States Supreme Court declared the anti-sodomy law of the State of Texas, which criminalized sexual intimacy by same-sex couples, but not identical behavior by different-sex couples, violated the defendants' constitutional rights. Events leading up to the charge commenced when Houston police were dispatched to a private residence on a report of a weapons disturbance. They entered the apartment where Lawrence resided and observed Lawrence and another man, both adults, engaging in a consensual sexual act.
Both men were arrested and charged with "deviate sexual intercourse." After the trial court rejected their constitutional challenges to the statute, the defendants entered pleas of nolo contendere. The Texas appellate court, sitting en banc, rejected their constitutional claims. The Supreme Court reversed the district court and the Texas appellate court. Lawrence, 539 U.S. at 579, 123 S.Ct. at 2484.
The Supreme Court majority recognized "an emerging awareness that liberty gives substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex." Lawrence, 539 U.S. at 572, 123 S.Ct. at 2480. Accordingly, the majority decision was based on the liberty interest found in the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See, Lawrence, 539 U.S. at 564, 123 S.Ct. at 2476. However, as the dissent points out, the majority stopped short of declaring "that homosexual sodomy is a `fundamental right' under the Due Process Clause." Lawrence, 539 U.S. at 586, 123 S.Ct. at 2488 (Scalia, with whom the Chief Justice Rehnquist and Justice Thomas join, dissenting).[3]
Significantly, the majority cautioned against extension of its holding beyond the "realm of personal liberty which the government may not enter." Lawrence, 539 U.S. at 578, 123 S.Ct. at 2484. The opinion states: "The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution." (Emphasis supplied.) Id.
Nevertheless, in the instant case, the trial court applied the Lawrence rationale *1236 to this 1995 charge against a female prostitute who allegedly solicited a male undercover agent to engage in unnatural oral copulation for compensation, and declared LSA-R.S. 14:89 unconstitutional. The trial court's reliance on Lawrence is misplaced for several reasons.
First, the majority opinion in Lawrence specifically states the court's decision does not disturb state statutes prohibiting public sexual conduct or prostitution. Lawrence, 539 U.S. at 578, 123 S.Ct. at 2484. Part V of the Louisiana Criminal Code is entitled "OFFENSES AFFECTING THE PUBLIC MORALS." Subpart A of Part V is entitled "OFFENSES AFFECTING SEXUAL IMMORALITY" and consists of four parts, two of which are pertinent to this discussion: "2. Offenses Concerning Prostitution" (LSA-R.S.14:82-86) and "4. Crime Against Nature" (LSA-R.S.14:89-89.1).
Louisiana Revised Statutes 14:82 provides, in pertinent part:
A. Prostitution is:
(1) The practice by a person of indiscriminate sexual intercourse with others for compensation.
(2) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
Louisiana Revised Statutes 14:89 provides, in pertinent part:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41 [rape], 14:42 [aggravated rape], 14:42.1 [forcible rape], or 14:43 [simple rape]. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
The defendant in the instant case was charged with a crime against nature because she allegedly solicited an undercover police officer to engage in unnatural carnal copulation for compensation. Had she solicited the police officer to engage in sexual intercourse for compensation she could have been charged with prostitution. It would be absurd to interpret the Lawrence opinion as specifically finding no constitutional bar to a prosecution for prostitution by solicitation, but finding a prosecution for crime against nature constitutionally barred when it is committed by solicitation.
Second, through LSA-R.S. 14:89, the legislature has proscribed two types of conduct, each of which constitutes a crime against nature, and those two proscriptions are severable. In other words, even if LSA-R.S. 14:89(A)(1) were to be declared unconstitutional on its face or as applied in a given case, prosecution under LSA-R.S. 14:89(A)(2) could proceed without violating any constitutional rights.
More than a decade ago, in State v. Baxley, 93-2159 (La.2/28/94), 633 So.2d 142, this court held that LSA-R.S. 14:89(A)(1), which punishes engaging in unnatural carnal copulation, is a separate crime from the act proscribed in LSA-R.S. 14:89(A)(2), which punishes solicitation of another with the intent to engage in unnatural carnal copulation for compensation. The two subsections proscribe two different ways in which a person can commit crime against nature and do not depend on each other for their meaning. Therefore, if one subpart were found unconstitutional, *1237 the remaining portion could be severed from the offending portion. Today we reiterate: "Although the parameters of the state constitutional right to privacy in the sexual area have not been determined, ... there is no protected privacy interest in public, commercial sexual conduct. The legislature has the authority to prohibit such activity." Baxley, 93-2159 at 6-7, 633 So.2d at 145.
Lawrence does not address prostitution, and in Louisiana, by definition, prostitution includes solicitation[4]. Thus, Lawrence has no effect on this defendant who is charged with a violation of LSA-R.S. 14:89(A)(2).
The third reason is closely related to the second: a person charged with a violation of LSA-R.S. 14:89(A)(2) lacks standing to challenge the constitutionality of LSA-R.S. 14:89(A)(1). In Baxley, the trial judge granted Baxley's motion to quash, finding that Baxley had standing to challenge the constitutionality of LSA-R.S. 14:89(A)(1), even though he was charged with violating LSA-R.S. 14:89(A)(2), because the two provisions were not severable, and finding that the statute violated Baxley's state constitutional right to privacy, as guaranteed by the La. Const. art. I, § 5. We held that the statutory provisions were severable, thus depriving the defendant Baxley of standing to challenge the constitutionality of the section he could not be convicted under. Additionally, we rejected Baxley's argument that he had standing to challenge the constitutionality of LSA-R.S. 14:89(A)(1) because he could be convicted of attempted crime against nature under that provision as a responsive verdict if the trial court finds that Baxley merely discussed uncompensated oral copulation with the undercover officer. We held that solicitation of another to commit a crime is only preparatory and is not an overt act which would support a conviction for the attempt to commit a crime against nature proscribed by LSA-R.S. 14:89(A)(1). In Baxley, this court specifically did not reach the issue of whether LSA-R.S. 14:89(A)(1) violates the state constitutional right to privacy.
In sum, within the context of a charge of solicitation for unnatural carnal copulation for compensation, the trial court's reliance on Lawrence is misplaced because: (1) Lawrence did not strike down state statutes prohibiting "public conduct or prostitution;" (2) through LSA-R.S. 14:89, the legislature has proscribed two types of conduct, each of which constitutes a crime against nature, and those two proscriptions are severable; and (3) a defendant charged with violation of LSA-R.S. 14:89(A)(2) lacks standing to assert the unconstitutionality of LSA-R.S. 14:89(A)(1).
Finally, as an alternative basis for quashing the instant bill of information, the trial judge adopted the defense's "classification" argument, reasoning that had defendant solicited the officer for vaginal intercourse the most she could have been charged with would be prostitution, a misdemeanor in violation of LSA-R.S. 14:82, whereas because defendant solicited the officer for crime against nature, she faced a felony charge under LSA-R.S. 14:89(A)(2). The trial judge found such discriminatory enforcement in violation of the "liberty specifically protected by the Due Process Clauses of the 5th Amendment and the 14th Amendment." However, this court has consistently rejected this argument. State v. Smith, 99-0606, p. 17, (La.7/6/00), 766 So.2d 501, 514; State v. Baxley, 94-2982, p. 9 (La.5/22/95), 656 So.2d 973, 979; see also State v. Neal, 500 *1238 So.2d 374 (La.1987) (Punishment of one type of conduct more severely than another similar type of conduct is not, of itself, an equal protection violation.). The same reasoning applies here.

CONCLUSION
In Lawrence, the United States Supreme Court recognized a due process right of liberty of consenting adults to engage in private sexual relations without intervention of the government, and in so doing, overruled its earlier decision to the contrary, Bowers, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140. Lawrence, 539 U.S. at 578, 123 S.Ct. at 2484. Conversely, the Supreme Court noted that Lawrence "does not involve public conduct or prostitution," and thus, leaves unaffected any offenses charging such behavior. Id. In Louisiana, LSA-R.S. 14:89(A)(2) defines as a crime the solicitation of acts of unnatural carnal copulation for compensation. Because Lawrence left unaffected charges involving public conduct or prostitution, the Supreme Court decision does not impact Louisiana convictions charged under LSA-R.S. 14:89(A)(2), involving solicitation to engage in unnatural carnal copulation for compensation, or cases interpreting that section of the statute. See Smith, 99-0606, 766 So.2d 501 (as the holding pertains to consolidated defendants Garrett, Varnado, and Baron); Baxley, 94-2982, 656 So.2d 973; Baxley, 93-2159, 633 So.2d 142; Neal, 500 So.2d 374. This court has continued to reiterate that there is nothing constitutionally offensive in prohibiting crime against nature for compensation. Smith, supra.
For these reasons, we reverse the trial court's granting of defendant's motion to quash and we remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurring.
I concur in the majority's statement that the United States Supreme Court in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), did not directly address solicitation for crime against nature for compensation; thus, I adhere to my belief, stated in my dissent in State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501, 517, that the legislature can validly proscribe solicitation for crime against nature for compensation under La.Rev.Stat. 14:89(A)(2). I also adhere to my view that, since La.Rev.Stat. 14:89(A)(2) prohibits only conduct, without restricting itself, on its face, to a particular class of persons, the legislature in passing the statute did not act in derogation of the Louisiana Constitution's equal protection guarantees. See State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973, 981, Calogero, C.J., concurring in part, dissenting in part. Thus, I agree with the majority's apparent finding that the statute, on its face, does not create a classification in violation of our equal protection guarantees.
On the other hand, though not asserted by the defendant in this case, the United States Supreme Court's action in Lawrence does, in my view, implicate the issue of whether the legislature has prescribed an unconstitutionally excessive sentence for a violation of La.Rev.Stat. 14:89(A)(2). The reasons set forth in my partial dissent in Baxley, 94-2982, 656 So.2d at 981, supporting my view that a potential sentence of five years for the charged offense of solicitation of another for "unnatural carnal copulation" for compensation is so disproportionate to the severity of the crime as to be unconstitutionally excessive, are only bolstered by the Lawrence decision, which, as the State concedes in its brief, has altered the legal landscape in Louisiana at least "somewhat." The Lawrence *1239 decision, which cited emerging societal awareness of liberty interests as one basis for the majority's ruling, effectively invalidates La.Rev.Stat. 14:89(A)(1) and essentially overrules in part the majority opinion in State v. Smith, supra.[1] However, since the defendant has not claimed that the prescribed sentence is unconstitutionally excessive, the decision today does not address that issue.
NOTES
[1] The trial court specifically denied the motion to quash on the grounds of vagueness. This court rejected a claim that LSA-R.S. 14:89 was unconstitutionally vague or overbroad in State v. Smith, 99-0606, p. 3-4 (La.7/6/00), 766 So.2d 501, 504-505. Thus, the only questions before us address the defendant's claim that her due process rights were violated and whether the holding in Lawrence is applicable.
[2] Pursuant to La. Const. art. V, § 5(D), a case is appealable to the supreme court if a law or ordinance has been declared unconstitutional.
[3] Justice Kennedy, writing for the majority, specifically overruled Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986).
[4] See LSA-R.S. 14:82(2) which broadly defines prostitution to include "solicitation ... with the intent to engage in indiscriminate sexual intercourse ... for compensation."
[1] The Lawrence court held that the Texas sodomy statute, Tex. Penal Code Ann. § 21.06(a), which is substantially similar to Louisiana's crime against nature statute, La.Rev.Stat. 14:89(A)(1), violates the Due Process Clause of the Constitution of the United States. In reaching that conclusion, the Supreme Court overruled its earlier decision in Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), a decision the majority in State v. Smith, supra, had relied upon in upholding the constitutionality of La.Rev.Stat. 14:89(A)(1).