JjjSUSAN M. CHEHARDY, Judge. ,
This is a suit to declare unconstitutional and enjoin enforcement of certain laws regarding crime against nature, sexual offenders, and “homosexual organizations.” The plaintiffs appeal a judgment that granted their petition in part and denied it in part. We affirm.
The plaintiffs are the Louisiana Electorate of Gays and Lesbians (a Louisiana nonprofit corporation commonly known as “LEGAL”), and several individuals identified as gay or lesbian, citizens who state they have in the past and intend in the future “to engage in conduct which, if committed in this State, is a felony per La.R.S. 14:89, and a sexual offense per La.R.S. 15:542(E).” (Hereafter we refer to the plaintiffs en masse as “LEGAL.” [1]) The defendant is the District Attorney for the Twenty-Fourth Judicial District, Parish of Jefferson, currently Paul D. Connick, Jr. (hereafter called “District Attorney”).[2]
The original petition challenged the following laws: La.R.S. 14:89, the crime against nature statute; 15:535, which requires that sexual offenders undergo blood and saliva testing for sexually transmitted diseases; 15:536, which defines “sexual [¡¡offender” as, inter alia, a person who has violated La.R.S. 14:89; and 15:542(E), which requires sheriffs and police departments to obtain a photograph and fingerprints of sexual offenders.
In 1994, LEGAL filed a class action in Orleans Parish to have the crime-against-nature statute and related laws declared unconstitutional, but the Jefferson Parish District Attorney opted out of the class and filed a declinatory exception of venue, which was granted on review by the supreme. court. Louisiana Electorate of Gays and Lesbians, Inc. v. State, 95-1790 (La.12/8/95), 664 So.2d 413. Because the Jefferson Parish District Attorney was no longer part of the suit, LEGAL asserts, a subsequent injunction against enforcement of the laws did not apply to Jefferson Parish. Hence, LEGAL filed this separate action against the Jefferson District Attorney.
La.R.S. 14:89 states:
A. Crime against nature is:
(1) Tbe unnatural carnal copulation by a human being with another of the same sex or opposite s.ex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41 [rape], 14:42 [aggravated rape], 14:42.1 [forcible rape] or 14:43 [simple rape]. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
*1093 B. Whoever violates the provisions of this Section shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not .more than five years, or both.
| ¿Early in the litigation, LEGAL’S contentions regarding La.R.S. 14:89 narrowed from the entire statute to focus on Subpar-agraph A(l), which deals with non-compensated “unnatural carnal copulation.”
In April 1996, the district court denied the motion for preliminary injunction, based on the District Attorney’s representation that he knew of no case in which he had accepted a charge for violation of La. R.S. 14:89(A)(1).
The District Attorney raised exceptions of no right of action and no cause of action to the petition, on the ground that the petitioners lacked standing. The district court denied those exceptions.
The court found that, despite the District Attorney’s statement he did not intend to enforce the law, the petitioners had standing to challenge the constitutionality of the laws. The court concluded that their declarations of intent to engage in conduct made criminal by the statute showed there was a realistic danger they would sustain a direct injury as a result of the operation or enforcement of the law.
After discovery, LEGAL filed a second motion for preliminary injunction, asserting LEGAL had proof that such arrests had taken place within the judicial district.
In October 1998, the district court granted a preliminary injunction, enjoining the District Attorney from prosecuting any alleged violations of La.R.S. 14:89(A)(1) for private, consensual, non-commercial sex between adult human beings, as well as from applying or enforcing the provisions of La.R.S. 15:535, 15:536, and 15:542(E) in instances enjoined by the ruling on La.R.S. 14:89(A)(1).
In 2000, the Louisiana Supreme Court upheld the constitutionality of the crime against nature statute. State v. Smith, 99-606 (La.7/6/00), 766 So.2d 501. The court also held that punishing solicitation of crimes against nature more jsharshly than solicitation of prostitution did not violate the equal protection clause and that the punishment for solicitation of crimes against nature was not unconstitutionally excessive. Id.
In 2003, however, the United States Supreme Court ruled that a Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct was unconstitutional, as applied to adult males who had engaged in a consensual act of sodomy in the privacy of their home. Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).
In Lawrence the Court stated, “It suffices for us to acknowledge that adults may choose to enter upon this relationship in the confines of their homes and their own private lives and still retain their dignity as free persons. When sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring. The liberty protected by the Constitution allows homosexual persons the right to make this choice.” 539 U.S. at 566,123 S.Ct. at 2478.
On August 12, 2003 LEGAL was granted leave to amend the petition. The amended petition added several other statutes to those pleaded as unconstitutional in the original petition. In addition to the statutes listed previously, LEGAL challenged La.R.S. 12:1041 as well as several laws that deal with sexual offenders' and *1094 registration of sexual offenders.[3]
La.R.S. 12:1041 is a civil rather than a criminal law. It authorizes the attorney general to institute civil proceedings against corporations in which any officer either is engaged in “any unlawful activity aimed at organized homosexuality, organized crimes against nature,” or is connected with ^organizations engaged in any of those activities. The attorney general may seek a judgment annulling, vacating or forfeiting a domestic corporation’s articles of incorporation and franchise, and a foreign corporation’s certificate of authority to transact business in this state.
LEGAL filed a motion for summary judgment, specifically seeking a declaration that La.R.S. 14:89 and 12:1041 are null and void in their entirety as unconstitutional denials of due process and equal protection. Alternatively, LEGAL sought to have La.R.S. 14:89(A)(1) and the words “organized homosexuality, organized crimes against nature” in La.R.S. 12:1041 declared null and void as unconstitutional, for the same reasons.
The state attorney general was notified of the proceeding, as required by law.[4] Although the attorney general filed a written opposition to the motion for summary judgment, he withdrew opposition to the suit. The trial court noted in its reasons for judgment that two assistant attorneys general appeared at the status conference on the motion for summary judgment and advised the court that the Honorable Charles C. Foti, Jr., Attorney General of Louisiana, had instructed them not to intervene or participate in this case.
The trial court granted the motion for summary judgment in part and denied it in part, with reasons for judgment included within the written judgment. The court found La.R.S. 14:89(A)(1) unconstitutional in part in light of Lawrence v. Texas, supra. The court ruled that it could strike the offending portions of the statute without nullifying the statute in its entirety, and that La.R.S. 14:89(A)(2) and (B) are not affected by this ruling:
17The Court declares the following language in Louisiana Revised Statutes 14:89(A)(1) to be unconstitutional and therefore null and void: “with another of the same sex or opposite sex or”, “, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43” and “; and when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime”. The Court upholds and affirms the constitutional portions of Louisiana Revised Statutes 14:89(A)(1), which read:
Crime against nature is:
The unnatural carnal copulation by a human being with an animal. Emission is not necessary.
The judgment then permanently enjoined “the current District Attorney of *1095 the 24th Judicial District for the Parish of Jefferson, all of his current Assistant District Attorneys, and all of his and their successors” from enforcing or prosecuting under any of the statutory language declared unconstitutional.
The Court pretermitted ruling on the constitutionality of La.R.S. 12:1041, on the ground that the Jefferson Parish District Attorney, the only defendant before the court, “is not implicated by the statute.”
On appeal, LEGAL asserts the trial court erred by failing to declare La.R.S. 14:89(A)(1) unconstitutional in its entirety and in refusing to declare La.R.S. 12:1041 unconstitutional.
The District Attorney did not appeal. Hence, there is no further challenge to the trial court’s declaration of unconstitutionality as to the language specified in the judgment and we have ■ no authority to change that.
Did the trial court err in failing to declare La.R.S. 14:89(A)(1) unconstitutional in its entirety?
LEGAL asserts the trial court erred in attempting to sever the phrases in La.R.S. 14:89(A)(1) and rewriting the statute so that the only part of Paragraph |S(A)(1) that remains is the portion prohibiting “unnatural carnal copulation” with an animal. LEGAL contends such a construction by a court is improper and violates the exclusive prerogatives of the Legislature.
La.R.S. 24:175 provides:
A. Unless otherwise specifically provided therein, the provisions of each act of the legislature are severable, whether or not a provision to that effect is included in the act. If any provision or item of an act, or the application thereof, is held invalid, such invalidity shall not affect other provisions, items, or applications of the act which can be given effect ■ without the invalid provision, item, or application.
B. This Section shall apply to acts of the legislature affecting general, and local and special laws, and statutes of the state, including the Louisiana Revised Statutes of 1950, the Civil Code of the state of Louisiana, the Louisiana Code of Civil Procedure, the Louisiana Code of Criminal Procedure, the Louisiana Code of Evidence, and the Louisiana Code of Juvenile Procedure.
Constitutionally deficient portions of a statute can be severed from the statute if the unconstitutional portion can be removed without affecting the validity of the remaining statute. State v. Powdrill, 95-2307 (La.11/25/96), 684 So.2d 350, 356; La.R.S. 24:175(A). To do so, the court must determine “whether the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested by the Legislature in passing the Act.” Id.
LEGAL argues that the statute is sever-able only as between uncompensated acts and compensated acts — ie., that it can be severed only as between Subparagraphs (1) and (2) of La.R.S. 14:89(A). LEGAL cites State v. Thomas, 04-0559 (La.1/19/05), 891 So.2d 1233, in which the Louisiana Supreme Court stated:
[Tjhrough LSAAEt.S. 14:89, the legislature has proscribed two types of conduct, each of which constitutes a crime against nature, and those two proscriptions are severable. |Jn other words, even if LSA-R.S. 14:89(A)(1) were to be declared unconstitutional on its face or as applied in a given case, prosecution under LSA-R.S. 14:89(A)(2) could proceed without violating any constitutional rights.
*1096 In Thomas our supreme court distinguished between uncompensated and compensated acts and held that the United States Supreme Court’s decision in Lawrence, supra, did not affect any offenses charging public conduct or prostitution. 04-0559 at pp. 7-8, 891 So.2d at 1237.
LEGAL now asserts the trial court erred in “rewriting” Subparagraph (A)(1) to limit the definition of (uncompensated) crime against nature to the “unnatural carnal copulation by a human being with an animal.” LEGAL argues that the human/animal clause is not severable from the human/human clause and that the entire Subparagraph (A)(1) should be struck down.
We find no error in the trial court’s ruling on this point. Our supreme court’s discussion of this conduct in Thomas contrasted compensated versus uncompensated conduct because Thomas involved persons charged with performing human-on-human acts for compensation. The court’s language did not prohibit severance of the prohibition of human-on-human conduct from that of human-on-animal conduct within Subparagraph (A)(1). We conclude that the two types of behavior are severa-ble, because the prohibition against human/human portion can be removed without affecting the validity or intent of the human/animal prohibition.
Did the trial court err in failing to declare La.R.S. 12:1041 unconstitutional?
La.R.S. 12:1041 states:
A. The attorney general is authorized to institute civil proceedings against any domestic corporation to procure a judgment annulling, vacating or forfeiting its articles of incorporation and franchise, and against any foreign corporation to revoke its certificate of authority to transact business in this state when:
| ml. Any of the corporation officers or any other person controlling the management or operation of such corporation, with the knowledge of the president and a majority of the board of directors or under such circumstances that the president and a majority of the directors should have knowledge, is a person or persons engaged in activities such as organized violent revolutionary or unlawful activity aimed at the overthrow of the government of the State of Louisiana or any of its political subdivisions, or any boards, commissions, agency or official of either, or any unlawful activity aimed at organized homosexuality, organized crimes against nature, organized prostitution, organized gambling, organized narcotics, organized extortion or organized embezzlement, or who is connected directly or indirectly with organizations, syndicates or criminal societies engaged in any of these; or
2. A director, officer, employee, agent or stockholder acting for, through or on behalf of such corporation has, in conducting the corporation’s affairs, purposely engaged in a persistent course of violent revolutionary or unlawful activity aimed at the overthrow of the government of the State of Louisiana or any of its political subdivisions, or any boards, commissions, agency or official or any unlawful activity aimed at homosexuality, crimes against nature, intimidation and coercion, bribery, prostitution, gambling, extortion, embezzlement, unlawful sale of narcotics or other illegal conduct, with the knowledge of the president and majority of the board of directors or under such circumstances that the president and a majority of the directors should have knowledge, with the intent to compel or induce other persons, firms or corporations to deal with such corporation or engage in any such illegal conduct, and
*1097 3. For the prevention of future illegal conduct of the same character, the public interest requires the charter of the corporation to be annulled, vacated or forfeited and the corporation to be dissolved or the certificate, of authority to transact business in this state revoked.
B. The proceedings authorized by this section may be instituted against a corporation in the district court for the parish of its registered office or for any parish in which it is doing business. The proceedings shall be conducted in accordance with the Louisiana Code of Civil Procedure and the applicable rules of court.
The proceedings herein authorized shall be in addition to any other proceeding authorized by law for the purpose of annulling, vacating or forfeiting the articles and franchise of a domestic corporation and/or fevoking the certificate of authority of a foreign | ^corporation to transact business in this state. [Emphasis added.]
LEGAL asserts that by its language, the statute twice differentiates between “homosexuality” and “crimes against nature,” and that as used in the statute, “homosexuality” must necessarily mean the status of being a lesbian, gay, bisexual or transgendered person, leaving “crimes against nature” to define homosexual sexual acts.
LEGAL contends that, as directed against lesbian, gay, bisexual or transgendered persons, the statute on its face violates constitutional guarantees of equal protection and the right to assemble peaceably and petition the government for redress of grievances. Further, LEGAL argues, to the extent that “crimes against nature” is a euphemism for sodomy laws, the statute violates the U.S. Supreme Court’s declarations in Lawrence, supra.
As mentioned above, the trial court pre-termitted ruling on the constitutionality of La.R.S. 12:1041 because the Jefferson Parish District Attorney is not implicated by the statute’s language, which names the attorney general as the state’s agent to pursue the action set out in the statute.
LEGAL contends that the trial court erred ‘for two reasons: first, that the attorney general was left out of this lawsuit by action of the state supreme court in upholding the Jefferson Parish District Attorney’s exceptions in the Orleans Parish action. LEGAL asserts it could not have sued the attorney general in the same lawsuit “because our Supreme Court did not extend that ruling to the Attorney General, and also because there was already an identical lawsuit pending (lis pen-dens ) against the Attorney General.”
Further, LEGAL states the attorney general has specifically waived any right to participate in this case. LEGAL asserts, “Under these unique circumstances it liawould be a miscarriage of justice ... to allow the Attorney General to walk out of this case ..., only to turn around and argue or declare that the Attorney General’s absence rendered half of this case untriable.”
LEGAL contends there is no justification or rational basis for La.R.S. 12:1041’s “attack on corporations who advocate the rights of homosexual Louisianans or who attack the criminalization of noncommercial oral or anal sex.”
We find no reason to alter the trial court’s ruling on this issue. As the trial court stated, La.R.S. 12:1041 does not implicate the District Attorney, because the statute authorizes civil action by the attorney general, with no mention of district attorneys.
*1098 Further, the statute authorizes action against a corporation only where the “person or persons” with a connection to the corporation is engaged in “any unlawful activity aimed at organized homosexuality, organized crimes against nature.” (Emphasis added.) As discussed above, uncompensated sexual behavior between consenting adult humans under La.R.S. 14:89(A)(1) is no longer proscribed; therefore, it is not unlawful. Hence, we find no merit to this assignment.
Nothing in this decision prevents the plaintiffs from proceeding directly against the Attorney General to fully litigate the question of constitutionality of La.R.S. 12:1041 in a court of proper venue.
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the plaintiffs-appellants.

AFFIRMED.

. Rhonda Leco, one of the eight individual plaintiffs, withdrew from the suit prior to rendition of the judgment now on appeal.

. When this suit was filed in 1996, the district attorney was the Honorable John M. Mamoul-ides, who was named defendant in his official capacity. Later that year the Honorable Paul D. Connick, Jr. was elected to the office of district attorney and in 1997 Mr. Connick was ' substituted as defendant in this case.

. The other statutes added to the constitutional challenge were La.R.S. 15:537, 15:538, 15:541, 15:542, 15:542.1, 15:543, 15:544, 15:545, 15:546, 15:547, 15:548, and 15:549.

. La.C.C.P. art. 1880 states, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard." [Emphasis added.]