130 P.3d 544

**STATE of Arizona, Appellee,**

**v.**

**Christopher M. FREITAG, Appellant.**

**No. 1 CA-CR 04-0770.**

Court of Appeals of Arizona, Division 1, Department C.

March 14, 2006.

As Corrected May 2, 2006.

Kerry Wangberg, Phoenix City Prosecutor, By Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorneys for Appellee.

Law Offices of Neal W. Bassett, By Neal W. Bassett, Natalee Segal, Phoenix, Attorneys for Appellant.

## OPINION

SNOW, Judge.

¶ 1 Christopher Freitag appeals his conviction in Phoenix Municipal Court for soliciting

that such proof would be limited to that submitted before the filing deadline. *Id.*

an act of prostitution. He presents two issues on appeal: 1) whether the City of Phoenix prostitution ordinance violates his constitutional rights in light of *Lawrence v. Texas,* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), and 2) whether the appellate filing fees imposed by the Phoenix Municipal Court violate the rights of the accused guaranteed by the Arizona Constitution. We hold that the City's prostitution ordinance is constitutional but the City's collection of a fee from a defendant to pursue a criminal appeal is not in compliance with Arizona law.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Freitag was convicted in Phoenix Municipal Court of the misdemeanor offense of soliciting an act of prostitution in violation of Phoenix City Code ("P.C.C.") section 23-52(A)(2), and sentenced to fifteen days in jail. Freitag appealed the conviction, and over objection, paid the thirty-four dollars in fees required by the municipal court to pursue the appeal. The Maricopa County Superior Court affirmed the prostitution conviction and the municipal court's assessment of a fee to appeal the conviction. Freitag filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 22-375 (2002).

¶ 3 Because this matter originated in municipal court, this court's jurisdiction is limited to a review of the facial validity of the City's prostitution ordinance and the municipal court's assessment of a fee to file a criminal appeal. *See* A.R.S. § 22-375 (An appeal may be taken from judgment of a superior court in an action appealed from police court if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute); *State v. Mutschler,* 204 Ariz. 520, 522-23, ¶ 4, 65 P.3d 469, 471-72 (App. 2003). We review *de novo* whether the ordinance and the assessment are constitutional. *Mutschler,* 204 Ariz. at 522-23, ¶ 4, 65 P.3d at 471-72.

¶ 4 We hold that the City's prostitution ordinance is constitutional. The ordinance in pertinent part imposes criminal liability on any person who "[s]olicits or hires another person to commit an act of prostitution" and "[i]s in a public place, a place open to public view or in a motor vehicle on a public roadway and manifests an intent to commit or solicit an act of prostitution." P.C.C. § 23-52. In undertaking review, we presume the ordinance, a legislative enactment, is constitutional. *Mutschler,* 204 Ariz. at 522-23, ¶ 4, 65 P.3d at 471-72.

## DISCUSSION

### A. Prostitution Ordinance

¶ 5 Freitag argues that the ordinance violates what he contends is a fundamental constitutional right to engage in adult consensual sexual conduct, a right he premises on the United States Supreme Court's rationale and holding in *Lawrence. See* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508.

¶ 6 Freitag reads *Lawrence* too broadly. In *Lawrence,* the Supreme Court struck as unconstitutional a Texas statute prohibiting certain sexual activity between members of the same sex. *Id.* at 578, 123 S.Ct. 2472. However, the Supreme Court stopped short of declaring that this liberty interest was a fundamental right. *See id.* at 572, 578, 123 S.Ct. 2472 (applying a rational basis test rather than the strict scrutiny test for fundamental rights); *see also id.* at 594, 123 S.Ct. 2472 (Scalia, J., dissenting) (noting that majority did not identify right as fundamental); *Standhardt v. Superior Ct.,* 206 Ariz. 276, 282, ¶ 19, 77 P.3d 451, 457 (App.2003) (relying in part on Supreme Court's failure to identify right as fundamental in holding that state statutes prohibiting same-sex marriages are constitutional). The Supreme Court instead determined that the Texas statute prohibiting same-sex sexual practices, premised on moral objection to same-sex sexual practices, "furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Lawrence,* 539 U.S. at 578, 123 S.Ct. 2472.

¶ 7 Moreover, the Supreme Court did not hold that the liberty interest that it accorded homosexuals in that instance extended to all private consensual sexual activity. *Id.* The Supreme Court expressly stated that its holding did not reach other forms of sexual

activity, including public conduct and prostitution. *Id.*

¶ 8 Arizona courts have never recognized any constitutionally protected fundamental liberty or privacy interest in engaging in commercial sexual activity, even in private, and we decline to do so now. "Prostitution has long been regarded in Arizona as 'an evil over which the legislature has almost plenary power.' " *State v. Taylor,* 167 Ariz. 429, 432, 808 P.2d 314, 317 (App.1990) (quoting *State v. Green,* 60 Ariz. 63, 66, 131 P.2d 411, 412 (1942)). We thus join other state courts that have specifically rejected any constitutionally protected fundamental liberty or privacy interest in soliciting or engaging in prostitution. *See State v. Thomas,* 891 So.2d 1233, 1237 (La.2005) (reiterating the principle that "there is no protected privacy interest in public, commercial sexual conduct"); *People v. Williams,* 349 Ill.App.3d 273, 285 Ill.Dec. 318, 811 N.E.2d 1197, 1198 (2004) (holding that prostitution statute does not affect any fundamental right).

¶ 9 The City's prostitution ordinance withstands constitutional scrutiny on review. Because no fundamental interest is involved, the ordinance survives if it is rationally related to a legitimate state interest. *See Washington v. Glucksberg,* 521 U.S. 702, 728, 117 S.Ct. 2258 (1997) (holding that unless interest is fundamental liberty interest protected by due process clause, law must only be rationally related to legitimate government interests). We have in the past identified a variety of legitimate state interests in anti-prostitution laws, including the prevention of communicable disease, prevention of sexual exploitation, and reduction of "the assorted criminal misconduct that tends to cluster with prostitution." *Taylor,* 167 Ariz. at 432, 808 P.2d at 317; *see also Williams,* 285 Ill.Dec. 318, 811 N.E.2d at 1198 (recognizing that legitimate interests include "preventing venereal disease, cutting down prostitution-related crimes of violence and theft, and protecting the integrity and stability of family life"). A prohibition on solicitation of prostitution, such as exists in Phoenix's prostitution ordinance, is rationally related to the legitimate interest in banning prostitution. *Green,* 60 Ariz. at 66, 131 P.2d at 412. The City's prostitution ordinance is therefore constitutional.

**B. Appeal Fees**

¶ 10 We next address Freitag's challenge to the City's assessment of a fee to pursue his criminal appeal. Upon receipt of Freitag's Notice of Appeal, the Phoenix Municipal Court notified Freitag that he must pay a seventeen dollar "minimum clerk's fee" and a seventeen dollar "document research fee for the documents concerning the appeals" within ten days or risk forfeiting his right to appeal. The Phoenix Municipal Court informed Freitag that the fees were imposed "[d]ue to the new Superior Court Rules of Appellate Procedures [sic], adopted June 1, 2003," although it did not cite a specific rule of appellate procedure. The Phoenix Municipal Court notified Freitag, however, that if he did not pay the fee within ten days, "we will assume you do not wish to continue with the appeal."

¶ 11 On appeal from the municipal court, the Maricopa County Superior Court affirmed the assessment of a filing fee, reasoning: "This argument is frivolous in the extreme. This court finds no violation of Appellant's rights in the imposition and collection of fees to prepare a record on appeal. The court notes that procedures exist for deferral or waiver of such fees for indigent individuals."

¶ 12 The assessment of a fee to take a criminal appeal violates a statute that implements an explicit right of the Arizona Constitution. The statute specifically prohibits the assessment of any fee to pursue a criminal appeal from a lower court decision:

> Upon an appeal to the superior court, the justice of the peace or presiding officer of a municipal court shall immediately, *without charge,* transmit all papers in the case and a copy of all proceedings as shown by the docket, and all orders entered in the action, to the clerk of the superior court of the county, who shall file them and docket the action without charge.

A.R.S. § 22–373 (2002) (emphasis added). The Arizona Constitution similarly prohibits

the collection of a fee from a defendant to pursue a criminal appeal:

> In criminal prosecutions, the accused shall have ... the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.

Ariz. Const. art. 2, § 24.

¶ 13 The plain wording of these provisions prohibits the Phoenix Municipal Court from collecting a "minimum clerk's fee" or a "document research fee for the documents concerning the appeals" as a prerequisite to allowing a criminal defendant to pursue an appeal. The assessment of a "minimum clerk's fee" and a "document research fee" in these circumstances is therefore illegal.

¶ 14 Further the rules governing criminal appeals to superior court do not authorize collection of such a fee. Although the civil rules governing appeals to the superior court expressly require the advance payment of an "appeal fee" to pursue an appeal, the rules for criminal cases do not mention any such "appeal fee." *Compare* Ariz.Super. Ct. R.App. P.—Civ. 10(b) (requiring payment of appeal fee as a condition to transmittal of record) *with* Ariz.Super. Ct. R.App. P.—Crim. 10 (requiring transmittal of record after time for filing appellee's memorandum has expired). The Phoenix Municipal Court thus was not authorized to collect an appeal fee from a criminal defendant.[1]

## CONCLUSION

¶ 15 For the foregoing reasons, we affirm the conviction and sentence, but hold that the Phoenix Municipal Court's assessment of fees to appeal a criminal conviction is not legal, and direct the court to refund the fees to Freitag.

CONCURRING: SHELDON H. WEISBERG and PATRICK IRVINE, JJ.

1. Contrary to the observation of the superior court, because the Superior Court Rules of Appellate Procedure—Criminal do not specifically provide for a "minimum clerk's fee" and "document research fee for the documents concerning the appeals," the rules do not specifically provide for deferral or waiver of such fees for the indigent defendant. *Cf.* A.R.S. § 13-4034 (2001) (imposing expense of certified copy of record on appeal or of transcript on county when appellant files affidavit of indigency); Ariz. R.Crim. P. 31.8(e) (non-indigent parties shall pay for all designated portions of the record on appeal and transcript); Ariz.Super. Ct. R.App. P.—Crim. 7(a) (requiring non-indigent defendant to make arrangements within fourteen days of filing notice of appeal with *court reporters* or *transcribers* to pay any record or transcript preparation fees).