196 P.3d 826

**STATE of Arizona, Appellee,**

v.

**Robert Francis RUSSO, Jr., Appellant.**

**No. 1 CA–CR 07–0299.**

Court of Appeals of Arizona, Division 1, Department D.

April 10, 2008.

Review Denied Oct. 28, 2008.

Kerry G. Wangberg, Phoenix City Prosecutor by Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorneys for Appellee.

Laurie A. Herman, Scottsdale, and Neal W. Bassett, Phoenix, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Robert Francis Russo, Jr., appeals the superior court judgment affirming his municipal court sentences for his violations of Arizona Revised Statutes (A.R.S) section 28–1381(A)(1) (2004), driving under the influence of intoxicating liquor (DUI), and A.R.S. section 28–1382(A) (2004), driving with a blood alcohol level of 0.15 or more (extreme DUI). He specifically challenges the constitutionality of the mandatory assessment of $1000 imposed upon him pursuant to A.R.S. § 28–1382(D)(6) and A.R.S. § 41–1651 (2004). We conclude that the assessment is constitutional, and we thus affirm the judgment.

## PROCEDURAL HISTORY

¶ 2 Russo was convicted in municipal court of DUI and extreme DUI, class 1 misdemeanors. As part of his sentence for extreme DUI, in addition to a jail term and certain fines, fees, assessments and sur-

charges, pursuant to A.R.S. § 28–1382(D)(6), he was ordered to pay a "prison assessment," "an additional assessment of one thousand dollars to be deposited by the state treasurer in the prison construction and operations fund established by [A.R.S.] § 41–1651."[1]

¶ 3 Russo unsuccessfully challenged the constitutionality of A.R.S. § 28–1382(D)(6) in municipal court. He appealed to the superior court, claiming that the prison assessment violated the federal and state constitutional guarantees of the equal protection of the laws and due process and was "constitutionally unusual." The court affirmed the judgment of the municipal court, and Russo timely appealed to this court.

*DISCUSSION*

¶ 4 This court's jurisdiction is limited to a consideration of the facial validity of A.R.S. § 28–1382(D)(6) because Russos' case began in municipal court and its judgment was appealed to the superior court. A.R.S. § 22–375(A) (2002); *State v. Freitag,* 212 Ariz. 269, 270 ¶ 3, 130 P.3d 544, 545 (App. 2006). Our review of the constitutionality of the statute and the assessment is de novo, *Freitag,* 212 Ariz. at 270 ¶ 3, 130 P.3d at 545, but we presume that the law is constitutional, and, therefore, the party challenging the law bears the burden of persuasion to the contrary. *Ariz. Dep't of Pub. Safety v. Superior Court (Falcone),* 190 Ariz. 490, 494, 949 P.2d 983, 987 (App.1997).

¶ 5 Russo claims that there is no reasonable basis to require members of the class of misdemeanor DUI offenders of which he is one to pay for services that benefit only the class of felony DUI offenders. He argues that the prison assessment violates the equal protection of the laws and the due process guaranteed him by the Fourteenth Amendment to the United States Constitution and by Article 2, Sections 4 and 13 of the Arizona Constitution. The Equal Protection and the Due Process Clauses of the state and

federal constitutions are construed similarly. *State v. Kaiser,* 204 Ariz. 514, 516 ¶ 1 n. 2, 65 P.3d 463, 465 n. 2 (App.2003) (the Due Process Clauses), *cert. denied,* 540 U.S. 1162, 124 S.Ct. 1174, 157 L.Ed.2d 1207 (2004); *Crerand v. State,* 176 Ariz. 149, 151, 859 P.2d 772, 774 (App.1993) (the Equal Protection Clauses).

¶ 6 As a preliminary matter, the possession of a driver license is not a right but a conditional privilege granted by the State of Arizona. *See* A.R.S. § 28–3151(B) (2004) ("A person who is licensed under this chapter [8 Motor Vehicle Driver Licenses] is entitled to exercise the privilege granted by this chapter on highways and is not required to obtain another license to exercise the privilege...."); *see also* A.R.S. §§ 28–672(D) (2004), 28–695(C) (2004), 28–708(F) (2004), 28–1381(K)(4) (2004), 28–1382(D), (F)(2004), 28–1383(2004). Thus, legislation penalizing an impaired driver does not implicate a fundamental right, and we will uphold the constitutionality of such a statute against an equal-protection or due-process challenge if the law is rationally related to a legitimate government interest. *Standhardt v. Superior Court,* 206 Ariz. 276, 280 ¶ 9, 77 P.3d 451, 455 (App.2003) (citing *Washington v. Glucksberg,* 521 U.S. 702, 728, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)) (due process); *State v. Navarro,* 201 Ariz. 292, 298 ¶ 25, 34 P.3d 971, 977 (App.2001) (equal protection). *Compare Fuenning v. Superior Court,* 139 Ariz. 590, 595, 680 P.2d 121, 126 (1983) ("Legislative classifications bearing on fundamental rights are to be strictly scrutinized and held unconstitutional absent a compelling governmental justification." (Citation omitted.)). Review for a rational basis "involves significant deference to the judgment of the legislative body regarding both the propriety of governmental involvement in the area covered by the legislation and the reasonableness of the means chosen to achieve the legislative goals." *State v. Watson,* 198 Ariz. 48, 51 ¶ 7, 6 P.3d 752, 755 (App.2000). The burden again is on the party challenging the law to

---

1. Section 41–1651 provides that
   [t]he prison construction and operations fund is established consisting of monies received pursuant to [A.R.S.] §§ 5–395.01, 5–396, 5–397, 28–1381, 28–1382, 28–1383, 28–8284, 28–8286, 28–8287 and 28–8288. The state department of corrections shall administer the fund. Monies in the fund are subject to legislative appropriation and shall be used to pay for any costs related to prison overcrowding and department support and maintenance.

"prove that the legislation lacks any conceivable rational basis." *Id.* (citing *Heller v. Doe,* 509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). *See Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (Applying the rational-basis standard of review, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.").

■ ¶ 7 The Equal Protection Clauses of both the state and federal constitutions "generally require that all persons subject to state legislation shall be treated alike under similar circumstances." *Crerand,* 176 Ariz. at 151, 859 P.2d at 774. *See Cleburne,* 473 U.S. at 439, 105 S.Ct. 3249 (The federal equal protection clause "is essentially a direction that all persons similarly situated should be treated alike."). The clauses less generally require "only that individuals within a certain class be treated equally and that there exist reasonable grounds for the classification." *Navarro,* 201 Ariz. at 298 ¶ 25, 34 P.3d at 977 (quoting *In re Maricopa County Juv. Action No. J–72804,* 18 Ariz.App. 560, 565, 504 P.2d 501, 506 (1972)).

¶ 8 Russo is a member of the class of extreme DUI offenders. The law treats all of the members of this class alike with regard to the imposition of the prison assessment whether their DUI offenses are misdemeanors or felonies. A.R.S. § 28–1382(D)(6).[2] Russo insists, though, that only felony offenders should be charged with the prison assessment because it is only they who may be imprisoned. Accepting as true the premise that a misdemeanor offender would not in any circumstance be subject to the imposition of a prison term—and the premise is faulty, e.g., one who commits a misdemeanor while on felony probation may have his probation revoked and be sentenced to prison—the Legislature is not required to make the distinctions between misdemeanor offenders and felony offenders that Russo would have it make. Given the financial costs that society bears to punish wrongful behavior, including the costs of prison, it is reasonable for the Legislature to assess all extreme DUI offenders with a share of the costs as recompense for their wrongful behavior. Certainly the prison assessment does not create a classification that treats persons who are similarly situated in an unreasonably disparate manner, meaning that an offender's constitutional right to equal protection is not violated.

■ ¶ 9 Russo then argues that the prison assessment violates due process. In an argument that dovetails with his equal-protection argument, he asserts that there is no reasonable relationship between the offense of extreme DUI and the prison assessment and that there is no rational basis to require misdemeanor DUI offenders to pay for prisons to house felons.

¶ 10 There is without doubt a "compelling state interest in reducing the terrible toll of life and limb on our highways," and the Legislature has passed "[s]tringent laws … designed to end the lethal combination of alcohol and automobile." *Fuenning,* 139 Ariz. at 595, 680 P.2d at 126 (citation omitted). The imposition of an assessment on a person convicted of extreme DUI is rationally related to the State's substantial interest in deterring impaired persons from driving and to the Legislature's apparent policy that the costs of unlawful behavior, including the costs of prisons, be shared by those who engage in wrongful acts.

¶ 11 The superior court relied on *People v. Jones,* 223 Ill.2d 569, 308 Ill.Dec. 402, 861 N.E.2d 967, 983, 989 (2006), in which the Illinois Supreme Court upheld the constitutionality of a five-dollar payment from drug offenders for spinal-cord-injury and paralysis research. *Jones* argued that the payment violated due process because the relationship between the possession of a controlled substance and such medical research was too

---

2. Indeed, not only persons who operate vehicles but those who operate motorized watercraft and aircraft while impaired by alcohol are subject to the prison assessment. *See* A.R.S. § 41–1651 (The prison construction and operations fund includes prison assessments imposed for violations of, *inter alia,* A.R.S. § 5–396(I), operating a motorized watercraft while intoxicated, and A.R.S. § 28–8284(D)(4), operating an aircraft while intoxicated). Russo acknowledges that imposing different statutory assessment amounts does not violate equal protection guarantees.

attenuated. *Id.* at 987–88. The court rejected that argument and found that the fine did not violate due process, reasoning that it was

> unaware of a decision of a court of review in which the fact that the proceeds from a fine or penalty is earmarked for a particular fund serving a governmental purpose has affected the validity of the fine or penalty.... Indeed, if due process required that fines only go to purposes related to the particular crime committed by the defendant who incurred the fine, *all* fines might be called into question.... Given the wide variety of ends to which those moneys are directed, it is difficult to conceive of *any* crime with respect to which the fines might be upheld were defendants permitted to contest their fines on the basis that they went to purposes unrelated to their particular crime.

*Id.* at 987–88 (citations omitted). The State urges this court to adopt the reasoning in *Jones* while Russo asks the contrary.

¶ 12 We need not address the suggestion in *Jones* that a defendant in a criminal case may never challenge an allocation made by the government of money that it collects from financial penalties imposed on offenders.[3] In this case, there is a rational relationship between the offense and the State's legitimate goal of defraying costs associated with the State's criminal justice system. The fact that an individual may not be sentenced to prison does not render the relationship between the transgression and the prison assessment so attenuated or unreasonable as to violate due process. Further, given our "substantial deference" to the Legislature in determining an appropriate consequence for criminal behavior, *State v. Berger*, 212 Ariz. 473, 476 ¶ 13, 134 P.3d 378, 381 (2006), *cert. denied*, 549 U.S. 1252, 127 S.Ct. 1370, 167 L.Ed.2d 159 (2007), as well as the State's compelling interests in curbing DUI offenses and making the miscreants responsible for the costs associated with crime, there is a rational basis for the Legislature's requirement that extreme DUI offenders pay the prison assessment.

¶ 13 Russo lastly claims that the $1000 prison assessment violates the Eighth Amendment to the United States Constitution and Article 2, Section 15 of the Arizona Constitution because it is "unusual" and excessive.[4] This argument is without merit.

¶ 14 "The Eighth Amendment ... bars the infliction of 'cruel *and* unusual punishments.'" *Berger*, 212 Ariz. at 475 ¶ 8, 134 P.3d at 380 (emphasis added). "This provision 'guarantees individuals the right not to be subjected to excessive sanctions.'" *Id.* (quoting *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). Russo does not claim that the prison assessment is cruel. Thus, even if the assessment is "unusual" or "rare," as Russo asserts, this is not a sufficient condition to render it unconstitutional under the Eighth Amendment.

¶ 15 We will accept for the purpose of this case that an assessment, which is in the nature of a levy, is tantamount to a fine, which is a pecuniary punishment and a sanction. While the prison assessment does not "implicate the cruel and unusual" clauses of the federal and state constitutions, as another monetary sanction might, "the excessive fines clause and the cruel and unusual clause are sometimes confused" and "frequently blurred." *State v. Wise*, 164 Ariz. 574, 575–577, 795 P.2d 217, 218–220 (App. 1990). "[A]n excessive fine is one that exceeds reasonable, usual, proper, or just punishment" or "one so disproportionate to the offense that it shocks public sentiment and affronts the judgment of reasonable people." *Id.* at 576, 795 P.2d at 219.

¶ 16 Russo claims that the prison assessment "is unconstitutionally disproportionate because it imposes a disproportionately large fine against one group ... unrelated to the crime itself." In support of this argument,

---

3. Russo claims that it would be unconstitutional for intoxicated Kansas drivers to pay for that state's Historic Barn Preservation Fund or for drunk Florida drivers to pay for the Cape Canaveral Reception Center. We need not address these hypothetical examples.

4. In his reply brief, Russo insists that he did not claim that the assessment is excessive, only that it is "unusual." He did present this argument in his opening brief, however, and, absent a specific declaration, we are unwilling to determine that his argument has been abandoned.

he relies on *United States v. Bajakajian*, 524 U.S. 321, 324, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), in which the Supreme Court held that the forfeiture of $357,144 for the crime of failing to report taking more than $10,000 out of the United States violated the Eighth Amendment's Excessive Fines Clause because the amount of the forfeiture was grossly out of proportion with the seriousness of the offense.

¶ 17 The prison assessment is not excessive within the meaning of the Eighth Amendment or Article 2, Section 15. In *Wise*, this court found that fines that trebled the value of the drugs involved and that totaled $150,000 together with a surcharge were not excessive because such fines were "a rational attempt to take the profit out of this activity." 164 Ariz. at 575, 577, 795 P.2d at 218, 220. In *State v. Delgadillo*, 174 Ariz. 428, 429–430, 850 P.2d 141, 142–143 (App. 1993), this court upheld the imposition of a fine of $68,088 that was three times the full value of the marijuana seized and that was imposed on each person convicted of possessing the same drugs. Relying on the deterrence rationale articulated in *Wise*, we rejected the defendant's claim that the fine was excessive because it was not apportioned between the defendants and that his involvement was minimal. *Id.*

¶ 18 Although designated by the Legislature a misdemeanor in a case such as this one, the offense of extreme DUI is extremely serious. The same considerations apply to deter persons impaired by alcohol from driving whether the offense is a felony or a misdemeanor, and there are the same types of costs associated with the criminal-justice system. The prison assessment is neither unreasonable nor an amount that "shocks public sentiment and affronts the judgment of reasonable people," *Wise*, 164 Ariz. at 576, 795 P.2d at 219, so as to render it unconstitutional.[5]

### CONCLUSION

¶ 19 For the foregoing reasons, the judgment is affirmed.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and JON W. THOMPSON, Judge.

---

**5.** Russo claims that, because of a $1000 Arizona Department of Public Safety fund assessment not applicable to him, imposing the assessment on all extreme DUI defendants now exceeds the statutory limit of $2500 for a class 1 misdemeanor. We need not address this contention for the reason that it does not affect Russo.