252 P.3d 1033

**STATE of Arizona, Appellee,**

v.

**Michael LINDNER, Appellant.**

**No. 1 CA–CR 09–0583.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 28, 2010.

Gary Verburg, City Attorney by Nathan Watts, Assistant City Prosecutor, Phoenix, Attorneys for Appellee.

Laurie A. Herman, Attorney at Law by Laurie A. Herman, Scottsdale, Attorney for Appellant.

## OPINION

BARKER, Judge.

¶ 1 Michael Lindner appeals the superior court's ruling affirming his municipal court conviction for extreme DUI. Lindner argues that the superior court erred in finding Arizona Revised Statutes section 28–1323 (Supp. 2009) constitutional, and in affirming the municipal court's refusal to impose sanctions on the State for failure to produce the Intoxilyzer source code. For the reasons that follow, we reject Lindner's claim of constitutional infirmity and affirm.

¶ 2 We have jurisdiction over this appeal of the superior court's ruling affirming his municipal court conviction under A.R.S. § 22–375 (2002). Our jurisdiction, however, is limited to determining the facial validity of A.R.S. § 28–1323. *See id.* (limiting jurisdiction in appeal from superior court's ruling on appeal from municipal court to "validity of a tax, impost, assessment, toll, municipal fine or statute"); *State v. Russo*, 219 Ariz. 223, 225, ¶ 4, 196 P.3d 826, 828 (App.2008) (recognizing this court's jurisdiction is limited to determining the facial validity of a statute).

¶ 3 We accordingly have no jurisdiction to consider Lindner's challenge insofar as it is a challenge to application of the statute. *State v. Mutschler*, 204 Ariz. 520, 522, ¶ 4, 65 P.3d 469, 471 (App.2003). We

will, however, address his argument that the statute on its face is unconstitutional.[1]

¶ 4 We construe Lindner's argument to be that A.R.S. § 28–1323, which provides foundational requirements for the admissibility of breath test results at trial, violates his confrontation rights as outlined in *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). He specifically argues that it violates his confrontation rights because it does not guarantee him the right to discover the Intoxilyzer source code before trial and the right to confront at trial both the person who created the source code and the person who prepared the quality assurance and maintenance records for the machine.[2]

¶ 5 We review *de novo* whether the statute is constitutional. *Russo*, 219 Ariz. at 225, ¶ 4, 196 P.3d at 828. A party challenging a statute's constitutionality must overcome the presumption that the statute is constitutional, and we will, if possible, interpret a statute in such a way as to give it a constitutional construction. *Id.; State v. Kaiser*, 204 Ariz. 514, 517, ¶ 8, 65 P.3d 463, 466 (App.2003). The person challenging the statute bears the burden of establishing its invalidity. *Russo*, 219 Ariz. at 225, ¶ 4, 196 P.3d at 828; *Kaiser*, 204 Ariz. at 517, ¶ 8, 65 P.3d at 466.

¶ 6 Keeping in mind our duty to presume a statute constitutional, and, if at all possible, interpret it in a manner that renders it constitutional, we reject Lindner's challenge to the statute's facial validity. Section 28–1323 provides that the results of a breath test for

---

1. Lindner also summarily refers in his opening brief to his due process right to discover the source code before trial and an argument on appeal to the superior court that the statute violates the Privileges and Immunities Clause. He has waived these claims, however, by failing to argue them. *See* Ariz. R.Crim. P. 31.13(c)(1)(vi) ("[A]ppellant's brief shall include ... [a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989).

   In his Reply Brief, Lindner argues for the first time that the statute is unconstitutional because it creates an impermissible conclusive presumption "that the defendant's blood alcohol content

   is what the Intoxilyzer says it is," in violation of the presumption of innocence, and violates the Equal Protection Clause because "it grants an out-of-state forensic witness legal immunity from a state court's power," and usurps the judiciary's authority, violating the doctrine of separation of powers. Lindner waived these arguments by failing to advance them in his opening brief, and we do not consider them. *See State v. Larson*, 222 Ariz. 341, 346, ¶ 23, 214 P.3d 429, 434 (App.2009).

2. The record does not reflect that Lindner provided notice to the attorney general, speaker of the house, and president of the senate, as required under A.R.S. § 12–1841 (Supp.2009) for constitutional challenges.

determining alcohol concentration are admissible at any trial once certain foundational requirements are established, specifically that the test was performed using an approved breath testing device, by a qualified operator, using certain procedures, and that the device was in proper operating condition. *See* A.R.S. § 28–1323(A), (B). Subsection (C) further provides that inability to obtain the schematics or software for the breath testing device does not preclude the admission of the breath test results at trial. *See* A.R.S. § 28–1323(C).

¶ 7 Our supreme court has previously found that the predecessor statute constituted a "reasonable and workable" supplement to the evidentiary rules. *State ex rel. Collins v. Seidel (Deason)*, 142 Ariz. 587, 590–91, 691 P.2d 678, 681–82 (1984). Lindner, however, apparently focuses his constitutional challenge on A.R.S. § 28–1323(A)(5) and (C), and argues that these provisions violate his confrontation rights, as most recently interpreted in the United States Supreme Court case of *Melendez–Diaz.* Section 28–1323(A)(5) specifically provides that the proponent of the evidence must establish, as a foundational requirement, that:

> The device used to conduct the test was in proper operating condition. Records of periodic maintenance that show that the device was in proper operating condition are admissible in any proceeding as prima facie evidence that the device was in proper operating condition at the time of the test. Calibration checks with a standard alcohol concentration solution bracketing each person's duplicate breath test are one type of records of period maintenance that satisfies the requirements of this section. The records are public records.

Section 28–1323(C) provides:

> The inability of any person to obtain manufacturer's schematics and software for a quantitative breath testing device that is approved as prescribed in subsection A of this section shall not affect the admissibility of the results of a breath test pursuant to this section.

Lindner does not point to any portion of the statute that actually precludes him from obtaining the source code or examining a witness as to the code at trial. Lindner is apparently arguing that the absence of any requirement that the State produce the source code, and a witness to cross-examine on the source code, as a condition of admissibility of the breath test results, renders the statute unconstitutional. Lindner also argues that this court's ruling in *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 129 P.3d 471 (App. 2006), that the Intoxilyzer calibration and quality assurance records are not testimonial and accordingly may be admitted at trial in the absence of witness testimony, has been effectively overruled by *Melendez–Diaz.*

¶ 8 We find no merit in either argument. In *Bohsancurt*, this court held that the quality assurance and maintenance records are not testimonial under *Crawford* [3] because they were created to comply with state rules and not for use against a specific criminal defendant, and the Sixth Amendment therefore does not bar their admission even though the criminalist who prepared them is not present in court or subject to cross-examination. 212 Ariz. at 191, ¶ 35, 129 P.3d at 480. In *Melendez–Diaz*, the Supreme Court held that the admission of certificates of analysis, offered by the prosecution in a drug trial, stating that the substance seized was cocaine of a certain quantity, violated the defendant's Sixth Amendment right to confront the witnesses against him. 129 S.Ct. at 2530–32. The Court found that the certificates were testimonial, and accordingly, the prosecutor was required to call the analysts to testify at trial, absent their unavailability and a prior opportunity to cross-examine them. *Id.* The Supreme Court noted, however, that "we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, *or accuracy of the testing device*, must appear in person as part of the prosecution's case.... Additionally, documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records." *Id.* at 2532 n. 1 (emphasis added). The *Melendez–Diaz* deci-

---

**3.** *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

sion accordingly did not overrule our holding in *Bohsancurt* that the Intoxilyzer calibration and quality assurance records are nontestimonial, and instead expressly noted that it would not go so far as to say these types of records were testimonial. *See id.*

¶ 9 *Melendez–Diaz* does not offer any support for Lindner's argument that A.R.S. § 28–1323(C) is unconstitutional because it allows the breath test results to be admitted at trial in the absence of a requirement that the proponent produce the Intoxilyzer source code and a witness to cross-examine on the source code. *Melendez–Diaz* held only that the forensic chemist who performed the tests to determine the nature and quantity of the drug was required to appear at trial as a witness, not that the designer of the equipment used to perform those tests appear at trial to testify as to how the equipment worked. 129 S.Ct. at 2532. Under Arizona law, pursuant to A.R.S. § 28–1323(A)(2), the officer who conducted the breath test appears at trial and testifies that he has the necessary permit to operate the device used to conduct the test and followed the requisite procedures in administering it. It is also not necessary under the holding of *Melendez–Diaz* or the Confrontation Clause for the creator of the device's source code to produce that code and appear for cross-examination at trial. *See Melendez–Diaz,* 129 S.Ct. at 2532. Lindner's challenge to the constitutionality of this statute on confrontation grounds accordingly fails. *See id.*

### Trial Court's Refusal to Impose Sanctions

■ ¶ 10 Lindner's challenge to the superior court's denial of his claim that the trial court abused its discretion in refusing to impose sanctions for the State's failure to produce the Intoxilyzer's source code, by its terms, addresses the court's application of this statute, not its facial validity. We have *no jurisdiction to consider such a challenge on this appeal.* Our jurisdiction is limited to determining the facial validity of the challenged statute. *See* A.R.S. § 22–375(A); *Russo,* 219 Ariz. at 225, ¶ 4, 196 P.3d at 828.

### Conclusion

¶ 11 For the foregoing reasons, we affirm Lindner's conviction and sentence.

CONCURRING: PATRICIA A. Orozco, Presiding Judge, and LAWRENCE F. WINTHROP, Judge.