330 P.3d 376

**STATE of Arizona, Appellee,**

v.

**John F. MONFELI, Appellant.**

**No. 1 CA–CR 13–0126.**

Court of Appeals of Arizona,
Division 1.

June 26, 2014.

Scottsdale City Attorney's Office, Scottsdale By Kenneth M. Flint, Counsel for Appellee.

Cameron A. Morgan, Scottsdale By Cameron A. Morgan, Counsel for Appellant.

Judge JOHN C. GEMMILL delivered the opinion of the Court, in which Presiding Judge MAURICE PORTLEY and Judge KENT E. CATTANI joined.

## OPINION

GEMMILL, Judge.

¶ 1 John F. Monfeli appeals the superior court's judgment affirming the sentence imposed by the municipal court for his misdemeanor conviction of driving under the influence of intoxicating liquor ("DUI"). Monfeli challenges the constitutionality of the mandatory 180–day jail sentence set forth in Arizona Revised Statutes ("A.R.S.") section 28–1382(E)(1). We affirm.

## BACKGROUND

¶ 2 Monfeli was cited for a misdemeanor DUI violation of driving with a blood alcohol concentration ("BAC") of .20 or more in violation of A.R.S. § 28–1382(A)(2) ("Super Extreme DUI").[1] The State filed charges in Scottsdale City Court, and the parties submitted the case to the court on stipulated evidence, including Monfeli's admission to a previous DUI conviction. The court found Monfeli guilty of the Super Extreme DUI offense, with one prior DUI conviction.

¶ 3 At sentencing, the court imposed the requisite minimum 180–day jail sentence, subject to work release. See A.R.S. § 28–1382(E)(1) (person convicted of Super Extreme DUI with a prior DUI conviction "shall be sentenced to serve not less than one hundred eighty days in jail"). Monfeli unsuccessfully objected to the sentence on equal protection and due process grounds.

¶ 4 Monfeli appealed to the superior court, where he again argued that the sentencing scheme in A.R.S. § 28–1382(E) for multiple violations of the statute is unconstitutional

because it requires a longer sentence (180 days) for a *second* offender whose blood alcohol level is equal to or more than .20 as compared to the minimum sentence (4 months) for a *third* offender whose blood alcohol level is similarly equal to or more than .20 and who is convicted of a felony under the aggravated DUI statute. See A.R.S. § 28–1383(D). The superior court rejected Monfeli's constitutional challenges and affirmed the municipal court's judgment and sentence. Monfeli timely appeals. In accordance with A.R.S. § 22–375, we have appellate jurisdiction to consider the "validity" of A.R.S. § 28–1382(E)(1).

## ANALYSIS

■ ¶ 5 We apply a de novo standard of review to Monfeli's constitutional challenge, and we begin with a presumption that the statute is constitutional. *See State v. Russo*, 219 Ariz. 223, 225, ¶ 4, 196 P.3d 826, 828 (App.2008). Monfeli bears the burden of establishing that the statute is unconstitutional. *See State v. Navarro*, 201 Ariz. 292, 298, ¶ 24, 34 P.3d 971, 977 (App.2001).

¶ 6 Subsections 28–1382(E)(1) and (J) provide that if, within a period of eighty-four months, a person is convicted of a second violation of driving or having actual physical control of a vehicle while having a BAC of .20 or more, that person is guilty of a class 1 misdemeanor and "shall be sentenced to serve not less than one hundred eighty days in jail, ninety of which shall be served consecutively, and is not eligible for probation or suspension of execution of sentence unless the entire sentence has been served." In contrast, as relevant here, under A.R.S. § 28–1383(A)(2), (D)(2), and (L)(1), a person convicted of a third DUI conviction within eighty-four months is guilty of a class 4 felony and must serve a minimum prison sentence of at least "four months."

■ ¶ 7 Monfeli argues that the requirement in § 28–1382(E) of a longer jail sentence than the four-month prison term required by § 28–1383(D) violates his equal

---

1. A violation of A.R.S. § 28–1382(A)(1) ("0.15 or more but less than 0. 20") constitutes "Extreme DUI." We refer to a violation of § 28–1382(A)(2) ("0.20 or more") as "Super Extreme DUI."

protection and due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Sections 4 and 13 of the Arizona Constitution. The Equal Protection and the Due Process Clauses of the state and federal constitutions are construed similarly. *Russo*, 219 Ariz. at 225, ¶ 5, 196 P.3d at 828; *see State v. Lowery*, 230 Ariz. 536, 541, ¶ 13, 287 P.3d 830, 835 (App.2012) ("The effects of the state and federal provisions are essentially the same.") (internal quotation omitted). A "statute [that] prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations is violative of a person's right to equal protection of the laws." *State v. Walton*, 133 Ariz. 282, 288, 650 P.2d 1264, 1270 (App.1982) (quoting *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316, 318 (Colo.1975)); *see also State v. Steelman*, 120 Ariz. 301, 313, 585 P.2d 1213, 1225 (1978) ("The basic rule of equal protection in criminal cases is that no person should be subject to a greater or different punishment than another in similar circumstances."). Similarly, "[a]lthough the legislature may classify crimes as it sees fit," it must do so in a manner that provides "explicit standards for those charged with enforcing them" in order to avoid due process violations. *State v. Thompson*, 204 Ariz. 471, 475, ¶ 15, 65 P.3d 420, 424 (2003).

¶ 8 Monfeli's argument that the sentencing provisions at issue are unconstitutional rests on the premise that the 180–day jail sentence required by A.R.S. § 28–1382(E)(1) for *misdemeanor* Super Extreme DUI conviction is "more severe" than the minimum four-month mandatory prison term imposed as part of a sentence for *felony* Aggravated DUI under A.R.S. § 28–1383. The crux of this premise is that incarceration length alone should determine whether punishment is in a different degree for the same act. *See Walton*, 133 Ariz. at 288, 650 P.2d at 1270. Monfeli's premise is flawed, however, given the significant differences between felony and misdemeanor convictions, in addition to the typically longer incarceration periods for felonies.

¶ 9 Monfeli's analysis ignores the strong negative consequences of felony convictions. The United States Supreme Court has long recognized the seriousness of felony convictions as compared to misdemeanor convictions aside from the length of confinement. *See Blackledge v. Perry*, 417 U.S. 21, 28 n. 6, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (recognizing that "a 'felony' often entails more serious collateral consequences than those incurred through a misdemeanor conviction"); *Baldwin v. New York*, 399 U.S. 66, 69–70, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (noting that "the collateral consequences" of felonies are "more severe" and that New York, "like other States," used place of confinement as one way to distinguish between felonies and misdemeanors). Furthermore, as one commentator has rightly noted:

> Jail is not the enemy; the criminal record is the enemy.
>
> . . .
>
> A misdemeanor conviction with sixty days in jail will end at the conclusion of the sixty days. There is a conviction, but there is no loss of civil rights. Any felony conviction will be on that person's criminal record for the rest of their lives—actually that record is there forever.
>
> With a felony conviction, your client can never vote, can never serve on a jury, can never own a firearm.[2] If there is a second and subsequent conviction there is an increased likelihood he ... will receive a more significant jail sentence, added to the additional sentence he will receive when the probation or suspended conviction is revoked due to the second arrest or conviction.
>
> If found in possession of a firearm as a convicted felon, he or she has committed another felony: state or federal.... Although not a creature of law, but nevertheless a truism, a felony conviction record will probably limit the client's ability to ever obtain meaningful employment.

David P. Baugh, *The Consequences of Criminal Convictions for Misdemeanor or Felony Offenses*, 18 Wash. & Lee J. Civil Rts. & Soc. Just. 55, 61, 63 (2011); *see also* A.R.S. §§ 13–

---

**2.** This statement is not completely accurate in Arizona, because civil rights may be restored to persons convicted of felonies under certain circumstances. *See* A.R.S. §§ 13–905 –912.

3101(A)(7)(b), –3102(A)(4), (L) (person who has not had civil rights restored after a felony conviction commits misconduct involving weapons, a class 4 felony, by knowingly possessing a deadly weapon); A.R.S. § 13–701(D)(11) (sentence for conviction of criminal offense can be aggravated if defendant was convicted of a felony within the preceding ten years).

¶ 10 We also note that, generally, a sentence served in a county jail is necessarily less onerous than a sentence in state prison because of the possibility for work furlough or work release. Additionally, by classifying a third significant DUI offense as felony Aggravated DUI, the legislature has identified such third offense as a different type of behavior and more serious offense than misdemeanor Super Extreme DUI (second offense). This means that once a person commits an act classified as felony Aggravated DUI, the act can be no longer viewed as the "same act" as Super Extreme DUI, for purposes of equal protection under *Walton*.[3] Monfeli's due process claim likewise fails because A.R.S. §§ 28–1382 and –1383 regulate different offenses and each contains explicit standards regarding enforcement. Accordingly, the statutes are not arbitrary or capricious, and Monfeli has not demonstrated a violation of due process. *See Thompson*, 204 Ariz. at 475, ¶ 15, 65 P.3d. at 424 (noting that due process requires that crimes not be defined or classified in an arbitrary and capricious manner). For all these reasons, we reject Monfeli's argument that his misdemeanor 180–day jail sentence in the county jail as required by A.R.S. § 28–1382(E)(1) is "more severe" than the felony minimum four-month mandatory prison term required by A.R.S. § 28–1383.

## CONCLUSION

¶ 11 The superior court appropriately rejected Monfeli's constitutional challenges to his sentence under A.R.S. § 28–1382(A)(2) and (E)(1). The 180–day jail sentence for Super Extreme DUI, a misdemeanor, is not more severe than the overall penalty for Aggravated DUI, a felony, and therefore does not violate Monfeli's rights under the Equal Protection or Due Process Clauses. We affirm the judgments of the municipal court and the superior court.

---

3. Such distinctions are not uncommon. For example, our legislature has distinguished between assault, a misdemeanor, and aggravated assault, a felony. *See* A.R.S. §§ 13–1203 and –1204. Felony aggravated assault is, essentially, misdemeanor assault that occurs under certain conditions or results in certain outcomes as enumerated in § 13–1204.