NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TEMA FINGI, *Appellant*.

No. 1 CA-CR 14-0043
FILED 4-9-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-147872-001
The Honorable Jerry B. Bernstein, Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Donn Kessler and Chief Judge Diane M. Johnsen joined.

**G E M M I L L**, Judge:

**¶1**          This appeal arises from the conviction and sentencing of defendant Tema Fingi for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs ("DUI"), class 1 misdemeanors. Fingi challenges the constitutionality of the fines imposed upon him under the Eighth Amendment to the United States Constitution and Article 2, Section 15 of the Arizona State Constitution.

**¶2**          For the following reasons, we conclude that the fines imposed are constitutional, and we thus affirm the judgment.

## BACKGROUND

**¶3**          On March 18, 2013, a grand jury indicted Tema Fingi for two counts of aggravated DUI. The incident occurred in the early morning hours of January 8, 2012 when police stopped Fingi for driving northbound in the southbound lanes of a major road in Phoenix. After observing that Fingi smelled of alcohol, Phoenix Police Officer L. had him step out of the vehicle to conduct field sobriety tests. Fingi's wife and two of his children, both under the age of 15, were also present in the vehicle.

**¶4**          Officer L. conducted a Horizontal Gaze Nystagmus test on Fingi that showed all six cues of alcohol impairment. Fingi also displayed other signs of impairment including alcohol on the breath and bloodshot and watery eyes. Fingi told the officers that he had drunk only one beer. Fingi was subsequently transported to a DUI van where, with the help of an interpreter, he consented to a blood analysis. Subsequent testing of Fingi's blood at the Phoenix Police Department crime lab revealed an alcohol concentration of .121 grams per 100 millimeters.

**¶5**          Testimony at trial from Fingi and his wife detailed the events leading up to the incident. Both Fingi and his wife denied that he had consumed any alcohol that evening. Fingi explained that the reason he told the officer that he had a beer was due to his fear of the police.[1] They both

---

[1]  Fingi explained that he came from the Congo as a refugee in 2010. According to his testimony, he told the officer he had one beer even though he did not actually drink any because in his country police can beat or even kill detainees. He does not claim that the officers who interrogated him were physical with him, only that they asked tough questions.

testified that they believed Fingi had been driving on the correct side of the road that night.

¶6        After the presentation of evidence, the jury found Fingi guilty on both DUI counts under Arizona Revised Statutes ("A.R.S.") sections 28-1381(A)(1) and (A)(2). Both counts were aggravated under A.R.S. § 28-1383(A)(3) because both of Fingi's children who were in the vehicle were under 15 years of age. The court designated both counts as class 1 misdemeanors. Fingi was sentenced to two years unsupervised probation and ten days of jail time, which may be deferred upon completion of an alcohol education or treatment program. The court also credited Fingi with one day served. In addition, the court ordered Fingi to pay the following statutory fines and fees:

- $65 per month Probation Service fee
- $1,372.50 fine (including surcharges of 83%), payable $10 per month
- $250 DUI Abatement Fund fee, payable $10 per month
- $1,500 Prison Construction and Operations Fund fee, payable $10 per month
- $1,500 State General Fund fee, payable $10 per month
- $20 Probation Surcharge
- $20 Time Payment fee
- $13 Penalty Assessment

The fines and fees total $4,675.50 plus $65 per month for the probation service fee. The court's monthly payment plan will allow Fingi to pay $105 per month for two years and then $40 per month thereafter.

¶7        Fingi filed a timely notice of appeal on January 9, 2014. This court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

¶8        Both parties agree that Fingi is raising his constitutional attack on the fines and fees for the first time on appeal. This court must therefore review his argument under a fundamental error standard, with Fingi bearing "the burden of establishing both that fundamental error occurred and that the error caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 568, ¶ 22, 115 P.3d 601, 608 (2005). The Arizona Supreme Court has recognized that constitutional error is one form of fundamental error. *State v. Burton*, 144 Ariz. 248, 251, 697 P.2d 331, 334 (1985). This court will review

de novo the constitutionality of a statute, but will begin with a presumption that the law is constitutional. *State v. Russo*, 219 Ariz. 223, 225, ¶ 4, 196 P.3d 826, 828 (App. 2008).

**¶9**         The Eighth Amendment of the United States Constitution and Article 2, Section 15 of the Arizona Constitution identically prohibit the imposition of excessive fines. An excessive fine is one that "exceeds reasonable, usual, proper, or just punishment or one so disproportionate to the offense that it shocks public sentiment and affronts the judgment of reasonable people." *Russo*, 219 Ariz. at 227, ¶ 15, 196 P.3d at 830 (internal quotation marks omitted). Fingi presents two main arguments for why the imposed fines are unconstitutionally excessive: 1) there is no evidence that such fines will deter future crimes; and 2) a misdemeanor DUI is not a serious enough crime to warrant the imposition. We disagree with both arguments.

**¶10**         We begin by noting that because the fees, fines and assessments imposed upon Fingi are punitive in nature rather than compensatory, they are considered "fines" for purposes of the constitutional analysis. *See id.* (accepting that an assessment is "tantamount to a fine, which is a pecuniary punishment and a sanction."); *State v. McDonagh*, 232 Ariz. 247, 249–50, ¶ 11, 304 P.3d 212, 214–15 (App. 2013) (ruling that the DUI Abatement Fund, Prison Construction & Operations Fund and General Fund/Public Safety Equipment Fund assessments imposed pursuant to the aggravated DUI statute are "sentences"). Because the fines are imposed for one offense, we consider them in the aggregate, instead of considering them separately, for this constitutional analysis.

**¶11**         A $4,675.50 statutory fine for the serious crime of aggravated DUI clearly is consistent with the important public interest of deterring driving while impaired. This court in *State v. Wise* applied a "loose proportionality" test in determining whether a $205,600 fine for possession of narcotics for sale was unconstitutionally excessive. 164 Ariz. 574, 576, 795 P.2d 217, 219 (App. 1990). In doing so, the court considered: 1) the object designed to be accomplished by the fine; 2) the importance and magnitude of the public interest sought to be protected; 3) the circumstances and nature of the act for which it is imposed; 4) the preventive effect upon the commission of the particular kind of crime; and 5) the ability of the accused to pay. *Id.*

**¶12**         First, Fingi argues that the *Wise* factors are not satisfied in this case because evidence shows that imposing fines on DUI offenders does not

actually accomplish the object to be achieved by those fines (the first *Wise* factor). As Fingi correctly states, the *Russo* court explained that the object of DUI fines is to deter impaired driving and to share the costs of the criminal justice system among wrongdoers. *Russo*, 219 Ariz. at 226, ¶ 10, 196 P.3d at 829. In *Russo*, this court upheld as constitutional the imposition of a $1000 prison assessment for an extreme DUI conviction. *Id.* at 227, ¶ 13, 196 P.3d at 830. The court explained that the State's interest in DUI deterrence makes the fine proportional to the crime. *Id.* at 228, ¶17–18, 196 P.3d at 831.

**¶13**        Fingi makes a policy argument that deterrence is not actually achieved by way of sanctions because, in order for sanctions to deter, "potential offenders must be aware of sanction risks" and yet "research shows that the general public tends to underestimate the severity of sanctions generally imposed." Fingi's research discussion is not compelling. In essence, Fingi urges us to abandon legislative reasoning that imposing a pecuniary consequence for a behavior will decrease the prevalence of that behavior. *See* A.R.S. § 28-1383(J)(2)–(5) (listing the mandatory minimum fines for a DUI conviction); *see also* A.R.S. § 28-1389 ("[The] court shall not waive a fine or assessment imposed pursuant to this article"). Disagreement about the effectiveness of a fine in deterring crime does not rise to a constitutional infirmity. It is the job of the legislature, not the judiciary, to evaluate the research. *See Edwards v. State Bd. of Barber Exam'rs*, 72 Ariz. 108, 112–13, 231 P.2d 450, 452 (1951) ("[W]here an enactment bears any reasonable relationship to the end sought the courts may not substitute their judgment for the judgment of the legislature.").

**¶14**        Second, Fingi urges this court to stray from *Russo* because "the legislature designated the DUI at issue in *Russo*, as well as the DUI in this case, as misdemeanor offenses, the lowest possible rung on the ladder of crimes a person can commit." From that premise, Fingi concludes that calling a misdemeanor an "extremely serious offense" is not enough to merit the fines in question. This argument is not persuasive. The fact that a crime is in the lowest possible class of crimes does not change society's interest in deterring that dangerous behavior. As explained in *Russo*, "[t]he same considerations apply to deter persons impaired by alcohol from driving whether the offense is a felony or a misdemeanor, and there are the same types of costs associated with the criminal-justice system." *Id.* at 228, ¶18, 196 P.3d at 831. The deterrence rationale has historically been used to uphold much larger fines than the $4,675 at issue here. *See e.g., Wise*, 164 Ariz. at 575, 575, 795 P.2d at 218, 218 (upholding fines in the amount of $205,600 as constitutional because of their deterrent effect); *State v.*

*Delgadillo*, 174 Ariz. 428, 429–30, 850 P.2d 141, 142–43 (App. 1993) (upholding a $68,088 fine as constitutional because of its deterrent effect).

¶15        Because a reasonable relationship exists between the fines imposed and the goal of deterrence, the first and fourth *Wise* factors are met in this case (the objects designed to be accomplished and the preventive effect on the commission of the particular kind of crime). The second and third factors are also supported here. The public interest sought to be protected is safety: an impaired driver is one of the most dangerous hazards one might come across on the road. Additionally, the nature and circumstances of Fingi's particular act demonstrate a dangerous risk of driving impaired: driving on the wrong side of the road. By doing so, Fingi endangered not only the public but also his wife and two minor children who were in the vehicle.

¶16        Finally, Fingi argues that the fines are excessive under the final *Wise* factor because he is unable to pay. There is, however, only a limited record of his financial status because he did not object to the fines. This court must presume that the financial status of Fingi supports the trial court's decision. *State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982) ("Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court.").

¶17        Even absent the presumption in favor of the court, the fifth *Wise* factor (ability to pay) is not dispositive and should be considered along with the other factors. *Wise*, 164 Ariz. at 219, 795 P.2d at 576. Fingi argues that he does not have the ability to pay the "nearly $5,000 financial sanction imposed in this case." This argument fails to consider the fines in light of the payment schedule: $105 per month for two years and then $40 per month thereafter. "The fact that the trial judge has the discretion to set the schedule for payment considerably ameliorates the statute's failure to allow for a consideration of the ability to pay." *Id.* Because the other factors are satisfied in this case, given the payment schedule, we cannot hold that the fines are constitutionally excessive.

¶18        In light of the *Wise* factors, and keeping in mind the extreme danger of Fingi's actions, the $4,675 fine is "neither unreasonable nor an amount that shocks public sentiment and affronts the judgment of reasonable people so as to render it unconstitutional." *See Russo*, 219 Ariz. at 228, ¶18, 196 P.3d at 831.

**CONCLUSION**

¶19      For the foregoing reasons, we affirm the trial court's imposition of fines against Fingi.



Ruth A. Willingham · Clerk of the Court
FILED: ama