NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

CHRISTOPHER AREVALO, *Appellee*.

Nos. 1 CA-CR 18-0298; 1 CA-CR 18-0299
(Consolidated)

Appeal from the Superior Court in Maricopa County
Nos.  CR2017-117321-001; CR2017-002116-001
The Honorable Michael D. Gordon, Judge

**REVERSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

**¶1** The State appeals an order of the superior court holding that Arizona Revised Statutes ("A.R.S.") section 13-1202(B)(2), a statute enhancing the penalty for threatening or intimidating committed by a member of a criminal street gang, is unconstitutional. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

**¶2** In two separate cases, Defendant Christopher Arevalo was charged with four counts of threatening or intimidating. Under A.R.S. § 13-1202, threatening or intimidating is ordinarily a class 1 misdemeanor; however, it is a class 6 felony if the defendant is a member of a criminal street gang. Pursuant to this statute, the State alleged that Arevalo is a member of a criminal street gang and charged the four counts as felonies. The State does not allege that Arevalo committed any of these crimes in connection with a criminal street gang.

**¶3** Arevalo moved to dismiss all counts for threatening or intimidating or reduce them to misdemeanors, arguing that the added punishment for members of a criminal street gang is unconstitutional. The superior court agreed and dismissed the charges, holding that "the undeniable guilt-by-association character of the statute violates the due-process clause and is therefore unconstitutional." The State appealed in both cases, and we have consolidated those appeals. We have jurisdiction pursuant to A.R.S. § 13-4032(1).

## DISCUSSION

**¶4** The constitutionality of a statute is question of law we review de novo. *State v. Russo*, 219 Ariz. 223, 225, ¶ 4 (App. 2008). Because we presume the constitutionality of our statutes, the party challenging the statute bears the burden of proving otherwise. *Id.*

¶5        Arevalo's principal argument—and the law relied on by the superior court—is that A.R.S. § 13-1202(B)(2) impermissibly imposes guilt by association by punishing mere membership in a group.  Under substantive due process rights of the United States Constitution, "guilt is personal."  *Scales v. United States*, 367 U.S. 203, 224 (1961).  With that principle in mind, the Supreme Court explained that

> [W]hen the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity . . . , that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment.

*Id.* at 224-25.  In the context of a statute criminalizing membership in an organization, the Supreme Court held that due process is satisfied if the statute is only applied to "active" members who have "a guilty knowledge and intent." *Id.* at 228.

¶6        Section 13-1202 states, in relevant part:

> A. A person commits threatening or intimidating if the person threatens or intimidates by word or conduct:
>
>> 1. To cause physical injury to another person or serious damage to the property of another;
>>
>> . . . .
>
> B. Threatening or intimidating pursuant to subsection A, paragraph 1 or 2 is a class 1 misdemeanor, except that it is a class 6 felony if:
>
>> . . . .
>>
>> 2. The person is a criminal street gang member.

A.R.S. § 13-1202.

¶7        Thus, the law only criminalizes conduct and enhances the punishment for that criminal conduct if the defendant is a member of a criminal street gang, as defined in A.R.S. § 13-105(9).  As we stated in *State v. Meeds*, 244 Ariz. 454 (App. 2018), "Section 13-1202(B)(2) does not penalize mere membership in a criminal street gang—it penalizes the added menace inflicted when a criminal street gang member is engaged in criminal

conduct." *Id.* at 465, ¶ 32. For this reason, the statute does not implicate the constitutional considerations in *Scales* and properly relies on personal guilt. *See State v. Cooper*, 1 CA-CR 16-0869, 1 CA-CR 17-0502, 2018 WL 6217090, at *2-3, ¶¶ 7, 11 (Ariz. App. Nov. 29, 2018) (mem. decision) (rejecting substantive due process and other constitutional challenges to A.R.S. § 13-1202(B)).

¶8         Arevalo also argues that the statute violates the equal protection guarantees of the Arizona and United States Constitutions because most gang members are racial minorities and the statute therefore has a disparate impact on a suspect class. Even taking this assertion as true, however, "[r]acial imbalance . . . does not, without more, establish a prima facie case of disparate impact." *Texas Dep't. of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015) (alterations in original) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 653 (1989)). Therefore, we review whether there is a rational basis for the enhancement for members of criminal street gangs. *See Governale v. Lieberman*, 226 Ariz. 443, 448, ¶ 13 (App. 2011) ("If the statute does not affect a suspect class or limit a fundamental right, we apply the 'rational basis' test and uphold the law if it serves a legitimate state interest and the classification rationally advances that interest."). As stated in *Meeds*, the State has a "compelling" interest "to protect the public from threats and intimidation by members of criminal street gangs, who presumably have a much greater ability than non-gang members to make good on those threats." *Meeds*, 244 Ariz. at 465, ¶ 32. Section 13-1202(B)(2) is rationally related to that purpose.

¶9         Arevalo argues that the statute violates the rights of association and free speech, but this Court has already decided that A.R.S. § 13-1202(B) does not violate First Amendment rights. *Meeds*, 244 Ariz. at 462-65, ¶¶ 21-32. We decline to revisit *Meeds*. Arevalo asserts that the Arizona Constitution provides greater protection for the right of association than the First Amendment. However, he cites to no authority to explain how application of the Arizona Constitution would lead to a different result than an application under the United States Constitution. For this reason, we reject this argument.

¶10        Finally, Arevalo argues that his due process rights will be violated if the admission of gang membership evidence is used in trial, prejudicing the jury in its deliberations on the threatening or intimidating charge. This issue is not relevant to the constitutionality of the statute. In addition, Arevalo submitted a motion in limine to exclude such evidence from the "guilt phase" of trial, and only allow it at the "enhancement" phase. It appears the superior court did not rule on this issue, presumably because

it held the enhancement to be unconstitutional. On remand, the superior court will have an opportunity to respond to these concerns.

## CONCLUSION

**¶11**        For the foregoing reasons, we reverse the order of the superior court dismissing the four counts of threatening or intimidating.