NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VERNICE BRACKEEN, *Petitioner*.

No. 1 CA-CR 22-0301 PRPC
FILED 7-13-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2015-005790-001, CR2015-118420-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Vernice Brackeen, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

**¶1** Vernice Brackeen petitions this court to review the dismissal of his notices of post-conviction relief ("Notices"). We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2** In two separate criminal matters, Brackeen pled guilty in 2016 to solicitation of first-degree murder, two counts of sexual assault, and three counts of attempted sexual assault. The superior court sentenced Brackeen on October 6, 2016. Consistent with the plea agreements' terms, the court imposed a combination of concurrent and consecutive prison terms totaling 17 years to be followed by lifetime probation. The court also advised Brackeen of his post-conviction relief ("PCR") rights, and Brackeen acknowledged receiving a written copy of those rights.

**¶3** On April 9, 2020, Brackeen filed Notices in both cases and requested appointment of counsel. *See* Ariz. R. Crim. P. ("Rule") 33.4(a) ("A defendant starts a Rule 33 proceeding by filing a Notice Requesting Post-Conviction Relief."). The Notices indicated Brackeen's intent to raise claims of ineffective assistance of counsel ("IAC"), newly discovered evidence, significant change in the law, and actual innocence. *See* Ariz. R. Crim. P. 33.1(a), (e), (g), (h).

**¶4** The superior court summarily dismissed the Notices, finding Brackeen failed "to adequately explain his delay of more than three years." This petition for review followed.

## DISCUSSION

**¶5** Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a PCR petition. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). An abuse of discretion occurs when "no reasonable judge would have reached the same result under the circumstances." *State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004). The petitioner bears the burden of establishing an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶6** After accepting Brackeen's guilty plea, the superior court entered judgment and sentenced him in both cases on October 6, 2016. Therefore, Rule 33 required Brackeen to file his IAC claim no later than January 4, 2017. *See* Ariz. R. Crim. P. 33.4(b)(3)(A) ("A defendant must file the notice for a claim under Rule 33.1(a) within 90 days after the oral

pronouncement of sentence."); *State v. Herrera*, 183 Ariz. 642, 646 (App. 1995) (holding that an IAC claim "is encompassed within Rule 3[3].1 as a claim that a defendant's conviction or . . . sentence was in violation of the Constitution of the United States or the State of Arizona.") (citations and internal quotation marks omitted). Because Brackeen failed to comply with the 90-day limit, he was required to "adequately explain[] why the failure to timely file a notice" was not his fault. Ariz. R. Crim. P. 33.4(b)(3)(D). Regarding Brackeen's claims under Rule 33.1(e) (newly discovered evidence), Rule 33.1(g) (significant change in the law), and Rule 33.1(h) (actual innocence), the Notices had to be filed "within a reasonable time after discovering the bas[e]s for the claim[s]." Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶7**        Brackeen first argues that the standard in Rule 33.4(b)(3)(D) for evaluating a defendant's excuse for filing an untimely notice of an IAC claim is unconstitutionally vague under the 14th Amendment because it is improperly subject to a trial judge's "personal view . . . [of] what is an 'adequate' explanation."

**¶8**        We review de novo whether a statute is constitutional. *State v. Russo*, 219 Ariz. 223, 225, ¶ 4 (App. 2008). A party challenging a statute's constitutionality must overcome the presumption that the statute is constitutional. *Id.*; *State v. Kaiser*, 204 Ariz. 514, 517, ¶ 8 (App. 2003).

**¶9**        A statute is void for vagueness "when it fails to give fair notice of what it prohibits." *Bird v. State*, 184 Ariz. 198, 203 (App. 1995) (citation omitted); *see also State v. McNair*, 141 Ariz. 475, 483 (1984). "On the other hand, due process requires neither perfect notice, absolute precision nor impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct." *Bird*, 184 Ariz. at 203 (citation and internal quotation marks omitted).

**¶10**        Brackeen cites no authority suggesting that a procedural rule requiring an "adequate explanation" to excuse a defendant's untimeliness is unconstitutionally vague. Thus, he not only fails to overcome the Rule's presumptive constitutionality, but he has waived his vagueness challenge. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (failure to cite to relevant authority and to develop the argument waives claim on review); *see also State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review). We therefore decline to address this argument further.

**¶11**        Turning to the superior court's summary dismissal of the Notices, we find no abuse of discretion. On the day of sentencing, the court

informed Brackeen, directly and in writing, that he had 90 days to initiate PCR proceedings, and a failure to abide by that time limit would mean waiving all opportunities "to have any errors made in [the] case corrected." Brackeen acknowledged receipt of this written notice by signing a form at the time of sentencing. Yet Brackeen's Notices did not explain why he was faultless in taking over *three years* to learn his lawyer failed to timely file the Notices. Brackeen merely asserted his attorney said she would file a PCR notice, and he learned on March 20, 2020, that she failed to do so.[1] But Brackeen did not explain when plea counsel said she would file the Notices or how he first learned of counsel's failure to timely file them. And Brackeen did not otherwise provide a reasonable explanation for his three-plus years of inaction after the 90-day limit passed despite not hearing anything from the court or PCR counsel who would have been appointed had the Notices been timely filed. Significantly, Brackeen points to nothing in the record indicating any attempts he made to inquire as to the status of his PCR proceeding. And as for Brackeen's Rule 33.1(e), (g), and (h) claims, the Notices did not indicate when he discovered the bases for relief; thus, the court was unable to determine whether Brackeen filed the Notices within a reasonable time thereafter.

¶12            Brackeen did not contend he pled guilty to a crime not cognizable under Arizona law, and the superior court could reasonably conclude that merely assigning all blame to plea counsel for the Notices' untimeliness under these circumstances did not satisfy Brackeen's burden of establishing his lack of fault. *Cf. State v. Reed*, 252 Ariz. 236, 239, ¶ 15 (App. 2021) (where petitioner was convicted of a crime not cognizable under Arizona law, the passage of time alone is insufficient to justify summary dismissal of PCR claims challenging the finding of guilt and the sentence imposed); *see State v. Carriger*, 143 Ariz. 142, 146 (1984) ("It is the petitioner's burden to assert grounds that bring him within the provisions

---

[1]        Brackeen explained:

> My attorney failed to file my notice of post-conviction [relief] when she said that she would in my case[.] [D]ue to the nature of my charges my life would [have] been in danger if my attorney . . . had given me my legal papers to file my notice of post-conviction [relief]. She said that she would file it and she failed to file my notice, and I found this to be true on 03/20/2020. I am filing my notice in this case.

of the Rule in order to obtain relief."). Accordingly, we cannot conclude that the superior court erred.

¶13 Because the superior court properly dismissed Brackeen's PCR Notices, his subsequent claims that the superior court erred in denying his request for the appointment of counsel must also fail. Rule 33.5(a)'s requirement that the superior court appoint counsel depends on the timely filing of the defendant's first notice under Rule 33.4. Ariz. R. Crim. P. 33.5(a). Brackeen's untimely filing makes him ineligible for appointment of counsel as a matter of right.

¶14 Brackeen argues the superior court erred in failing to hold an evidentiary hearing regarding his petition. But he offers no legal support for the proposition that he is entitled to an evidentiary hearing after filing untimely Notices. Therefore, we do not entertain this argument further. *See Stefanovich*, 232 Ariz. at 158, ¶ 16; *see also* Ariz. R. Crim. P. 33.16(c)(2)(C)-(D).

¶15 Finally, Brackeen argues the State violated Rule 15.8 of the Rules of Criminal Procedure. His failure to file timely Notices also bars Brackeen from pursuing relief on this basis. *See* Ariz. R. Crim. P. 33.2(b)(1); *see also State v. Quijada*, 246 Ariz. 356, 362, ¶ 13 n.1 (App. 2019). Regardless, a defendant waives all non-jurisdictional defenses by pleading guilty. *State v. Fritz*, 157 Ariz. 139, 140 (App. 1998). In his signed plea agreement, Brackeen acknowledged that he "waive[d] and [gave] up any and all motions, defenses, objections, or requests which he [had] made or raised, or could assert [t]hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with [the plea] agreement." *See State v. Quick,* 177 Ariz. 314, 316 (App. 1993). Any motion Brackeen may have made regarding the State's disclosure obligations prior to tendering its plea agreement has now been waived.

**CONCLUSION**

¶16 We grant review and deny relief.

